**Wayne BURKHALTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–280CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1982.

Billy Griswold, Houston, for appellant.

Timothy Taft, Wilford Anderson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for the offense of involuntary manslaughter. The jury assessed punishment at five years confinement in the Texas Department of Corrections.

Appellant's three grounds of error attack the trial court's admitting into evidence the results of the blood alcohol test run on a sample of Appellant's blood. Appellant contends the removal of such blood sample was without his voluntary consent and that admission of the sample was therefore a violation of Texas law and a deprivation of his constitutional rights. He also challenges the sufficiency of the evidence to show consent. The controlling question involved is whether Appellant was under arrest at the time the blood test was administered. Having determined that he was not, we overrule all grounds of error and affirm the judgment of the trial court.

The evidence reveals that on February 3, 1981, about 10:00 P.M., Appellant ran a red light at a high rate of speed, failed to negotiate a turn, and crashed into a pick-up truck. Houston police officer Robert Gaines was on his way home from work and arrived at the scene just after the collision and saw Appellant speed off without stopping to give information to the driver of the truck. Officer Gaines pursued Appellant at speeds in excess of seventy-five miles per hour in a thirty-five mile per hour zone and observed Appellant weaving and zigzagging and sideswipe another car. Failing again to stop, Appellant sped on until he finally hit a third car head-on in that car's lane. Officer Gaines testified that he handcuffed Appellant and placed him under arrest. The handcuffs were removed from Appellant when ambulance attendants arrived and started treating him. Sheriff's deputy James Baker then arrived on the scene. Officer Gaines gave Appellant's driver's license to Deputy Baker, recounted the sequence of events to Baker, and went on his way. The ambulance attendants determined that Appellant should be taken to Citizen's General Hospital and took him there in the ambulance. Deputy Baker testified that he did not place Appellant under arrest at the scene of the accident and gave no instructions to the ambulance attendants or hospital personnel concerning Appellant. When Appellant was taken to the hospital, he was not handcuffed or accompanied by any law enforcement officer. Dr. Jose Garza ordered Appellant tested for intoxication as part of the evaluation of his injuries. Appellant was not forced or restrained in any way while a lab technician took the sample of his blood. The results of the blood test showed .274 milligrams per deciliter, an amount in excess of the legal level indicative of intoxication. After Appellant had been examined and tested, Deputy Baker arrived at the hospital and placed Appellant under arrest. James Thomas Stockton, the driver of the third car struck by Appellant, died as a result of a skull fracture and crushed chest, injuries consistent with a person who has been involved in an automobile accident.

Appellant contends that he was under arrest when his blood sample was taken and, therefore, his consent to the testing was necessary.

■ *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and *Olson v. State,* 484 S.W.2d 756 (Tex.Cr. App.1969), "have removed the constitutional impediment of consent as to the taking of a blood test or other chemical test;" however, "this does not obviate the necessity of compliance with statutory provisions, even though statutory requirements may not now be constitutionally required." *Olson v. State,* 484 S.W.2d at 772. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5 § 1 (Vernon 1977) requires the consent of any person arrested for any offense arising out of acts committed while driving under the influence of intoxicating liquor be obtained for the taking of chemical tests to determine his blood's alcoholic content. This statute applies only to persons who are under arrest. *Aliff v. State,* 627 S.W.2d 166 (Tex. Cr.App.1982); *Darland v. State,* 582 S.W.2d

452 (Tex.Cr.App.1979); *Bennett v. State,* 522 S.W.2d 507, 509 (Tex.Cr.App.1975). The dispositive issue, therefore, is whether Appellant was under arrest at the time the blood sample was taken at the hospital.

 Tex.Code Crim.Pro.Ann. art. 15.22 (Vernon 1977) establishes the point at which a person is arrested as the point "when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." Arrest is complete when a person's liberty of movement is restricted or restrained. *Hardinge v. State,* 500 S.W.2d 870 (Tex.Cr.App.1973). The mere fact that an officer makes the statement to an accused that he is under arrest is not enough to complete the arrest, *Smith v. State,* 219 S.W.2d 454 (Tex.Cr.App.1949); custody and control must be assumed over the party. *Wyatt v. State,* 120 Tex.Crim. 3, 47 S.W.2d 827 (1932). After being told he was under arrest by Officer Gaines, Appellant was released; during Appellant's ride to and treatment at the hospital prior to his arrest by Deputy Baker, Appellant was not in custody or under restraint. He was free to leave at any time. We hold that Appellant was not under arrest at the time of the blood test and, therefore, his consent to such test was not required by Texas law.

In support of his second and third grounds of error Appellant argues that he was unable to sign his name and was in no condition to freely and voluntarily consent to any medical test. We understand him to contend there was no evidence or insufficient evidence to justify the jury's verdict in light of the judge's instruction to the jury to not consider any evidence regarding the blood sample unless they found beyond a reasonable doubt that consent to the taking of the blood sample was voluntarily given. As we have noted above, a lack of consent to the taking of a blood test presents no constitutional barrier to admitting the results of the blood test into evidence. Where a defendant was unconscious and not under arrest when a blood sample was taken, the Court of Criminal Appeals recently held that the exigency of rapidly dissipating alcohol justified the obtaining of a blood sample without the donor's consent and the obtaining of a blood sample under those circumstances without warrant or consent is not violative of the state or federal constitutions. *Aliff v. State, supra.* Therefore, Appellant's consent to the blood test was not necessary to render the results of that test admissible into evidence for the jury's consideration.

Furthermore, even if admission of the blood sample had been error, it would be harmless error beyond a reasonable doubt in view of the wealth of other evidence of Appellant's guilt. *Ferguson v. State,* 573 S.W.2d 516 (Tex.Cr.App.1978); *Richards v. State,* 165 Tex.Crim. 176, 305 S.W.2d 375 (1957).

Affirmed.