Audry Q. MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–003–CR.

Court of Appeals of Texas,
Waco.

Sept. 2, 1982.

William F. Carter, Madisonville, for appellant.

Felipe Reyna, Criminal Dist. Atty., J. Patrick Murphy, Asst. Dist. Atty., Waco, for appellee.

HALL, Justice.

Appellant Audry Q. Martin was indicted for the felony offense of escape from confinement in a penal institution. V.T.C.A., Penal Code § 38.07(a), (c)(2). Appellant filed a pre-trial motion for dismissal of the indictment upon the ground that the state had not complied with the Speedy Trial Act, Vernon's Ann.C.C.P. art. 32A.02, Sec. 1(1). After this motion was overruled, appellant waived his right to a jury trial and entered his plea of guilty to the court. His punishment, enhanced by a prior burglary conviction, was assessed by the court at 13 years imprisonment. Appellant assigns three grounds of error for reversal.

Appellant asserts in his first ground of error that his plea of guilty was not voluntarily and knowingly made because it was based upon the belief and understanding that he would have the right to appeal the trial court's denial of his motion under the Speedy Trial Act. We sustain this contention. The record shows that the plea of guilty was made by appellant and accepted by the court with the understanding of both, and with the court's per-

mission, that appellant could appeal the order overruling his pre-trial motion made under the Speedy Trial Act. Section 3 of the Act provides:

"The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article."

This provision has been construed to mean that a plea of guilty waives the rights accorded by the Act. *Wooten v. State,* 612 S.W.2d 561, 563 (Tex.Cr.App.1981). In *Wooten,* under facts materially identical with ours, the Court of Criminal Appeals stated that as a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement, approved by the court, that a question could be appealed when that agreement cannot be fulfilled; and it held "the plea cannot be said to have been made knowingly and voluntarily."

The state confesses error in our case under the ruling in *Wooten.* Appellant's first ground of error is sustained.

■ In his second ground of error appellant contends that the evidence at the hearing on his pre-trial motion conclusively established that the state failed to comply with the pertinent provisions of the Speedy Trial Act. Since appellant's plea of guilty waived the rights accorded him by the Act, this contention is overruled. *Wooten,* supra, at 612 S.W.2d 563.

Appellant asserts in his third ground of error that the judgment of conviction is fundamentally defective because the offense charged against him in the indictment was a misdemeanor and not a felony. The undisputed facts are these: On November 2, 1979, appellant was convicted in the McLennan County Court at Law of the misdemeanor offense of driving while intoxicated, and his punishment and sentence included confinement in the McLennan County Jail for a term of one year beginning that date. On February 14, 1980, appellant was accorded the benefits of a work release program with a local employer by the County Court at Law (see Vernon's

Ann.C.C.P. art. 42.03, Sec. 5[a] ), under the following order:

"Ordered, adjudged and decreed that the Sheriff of McLennan County, Texas, is ordered to release the said defendant to work for the above named employer between the hours of 7:00 a.m. to 5:30 p.m. immediately, and that the said defendant is to return voluntarily to the McLennan County Sheriff's Office at the conclusion of each work day, and that he is further ordered to produce to the Sheriff's Office a copy of his work schedule and then shall be released on the days that he is to work between the hours set out in this order."

The present offense was committed on May 16, 1980, when appellant "intentionally and knowingly" failed to return to the Sheriff's Office at the end of his work day.

§ 38.07 of the Penal Code provides as follows:

(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

(b) Except as provided in Subsections (c) and (d) of this section, an offense under this section is a Class A misdemeanor.

(c) An offense under this section is a felony of the third degree if the actor:

(1) is under arrest for, charged with, or convicted of a felony; or

(2) is confined in a penal institution.

(d) An offense under this section is a felony of the second degree if the actor used or threatened to use a deadly weapon to effect his escape.

As we have previously stated, appellant was indicted and convicted in this case under § 38.07(c)(2) on the theory that his escape was effected while he was "confined in a penal institution." A county jail is a penal institution within the meaning of this article. See Penal Code § 1.07(a)(26). Appellant does not dispute this, but he construes article § 38.07(c)(2) to mean that the offender must have been physically confined in a penal institution at the time of the escape in order to class the offense as a felony. Of course, appellant was not physi-

cally confined in jail when he committed the offense in question. Rather, he failed to return to the jail at the end of his work day under a work release program.

 We do not agree with appellant's construction of § 38.07. In connection with this statute the terms "custody" and "escape" are defined in § 38.01 of the Penal Code as follows:

(2) "Custody" means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court.

(3) "Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole.

Although appellant was not physically confined in jail at the time of his escape, neither was he in actual physical custody of any person at that time. The work release order did not commit appellant to the custody of the employer; it simply ordered the sheriff to release appellant from his confinement in jail to work for the employer between stipulated hours of the day, and it ordered appellant to return voluntarily to the Sheriff's Office at the conclusion of the work day. The custody that appellant escaped from was restraint by the Sheriff under the sentence confining appellant in jail on the driving while intoxicated conviction. The escape was appellant's failure to return to custody following temporary leave for a specific purpose and limited period, under the work release order. Thus, under the applicable use of the terms "custody" and "escape," it is our view and holding that appellant's escape was effected from his confinement in jail under the sentence on his driving while intoxicated conviction. We believe this construction comports with the legislative intent expressed in Penal Code § 1.05 that "The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."

Appellant's ground of error number three is overruled.

The judgment is reversed, and this cause is remanded for trial.