Donald Jessie **HARRELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–84–00217–CR.

Court of Appeals of Texas, San Antonio.

Oct. 16, 1985.

Rehearing Denied Nov. 13, 1985.

William R. Holman, Dallas, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

This appeal involves a conviction for escape. A jury found the appellant guilty and the court assessed punishment at ten years' confinement in the Texas Department of Corrections but probated the sentence.

Although appellant asserts six grounds of error, his second ground is dispositive of this case. Therein, he contends the court should have granted his motion for instructed verdict because as a matter of law the evidence is insufficient to prove the element of custody.

Our standard of review for a sufficiency of the evidence point is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Foster v. State*, 635 S.W.2d 710, 718 (Tex.Crim.App.1982).

Appellant was indicted for felony theft. Not making bond, he was incarcerated in the Kerr County Jail. He became ill and a medical doctor advised the chief jailer, due to the seriousness of the illness, to transfer the appellant to a hospital. The jailer notified the sheriff and the county judge of Kerr County of the situation. Appellant was a veteran of the United States Armed Services and was eligible for hospitalization in the Kerrville Veterans Administration Hospital. The sheriff could have hospital-

ized the appellant in the Sid Peterson Hospital, but he testified he did not have the personnel available to place a guard with appellant at the hospital twenty-four hours a day, seven days a week. The sheriff and judge were also aware that at Sid Peterson, the county would be responsible for the cost of appellant's treatment, whereas at the Veterans Administration Hospital, the county would incur no costs.

The county judge then prevailed upon the authorities at the Veterans Hospital to admit the appellant as a patient. The county officials knew that the appellant would not be under guard or restraint of any kind and if he chose to leave the hospital, he would not be detained. The sheriff did ask the hospital personnel to phone him in the event appellant attempted to leave the hospital. According to the sheriff's testimony, because of the weakened condition of appellant and because he was in a wheel chair, the sheriff took a "calculated risk" in transferring appellant to the Veteran's Hospital.

Before admission the jailer told appellant "... he was still in custody; ... still under arrest, and that if he ran off, he would be treated just as if he had run off from the jail." During his hospitalization, no representative of the Kerr County Sheriff's Office guarded or visited the appellant. About seven days after appellant was checked into the Veterans Hospital, he left with another patient and was subsequently picked up in Florida.

The indictment in this case alleges that on or about June 23, 1982, appellant did "... intentionally and knowingly escape from the custody of the chief jailer of the Kerr County Texas jail, who had custody of the defendant by virtue of and when the said defendant was under arrest for and indicted for three felony theft offenses...." TEX. PENAL CODE ANN. § 38.07 (Vernon 1983) provides, in part, "A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody." Section 38.01(2) provides that "Custody" means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court. The Court of Criminal Appeals, in construing the meaning of "custody," stated that "it is clear that the Legislature contemplated the character of the 'custody'—to be one of two general sorts: either restraint by a peace officer or confinement in a penal institution pursuant to a court order." *Ex parte Carroll*, 659 S.W.2d 437, 438 (Tex.Crim.App.1983).

■ The evidence shows, without dispute or contradiction, that the appellant was not under restraint by the chief jailer of Kerr County Jail or by any other peace officer nor in a penal institution. One fact offered by the State to show restraint and detention is the jailer's statement to appellant that appellant was still in custody while at the hospital. Such a statement does not prove arrest and detention. "The mere fact that an officer makes the statement to an accused that he is under arrest is not enough to complete the arrest; custody and control must be assumed over the party." *Burkhalter v. State*, 642 S.W.2d 231, 233 (Tex.App.—Houston [14th Dist.] 1982, no pet.) (citations omitted).

■ The only other evidence offered to show restraint and detention is the sheriff's request to authorities at the hospital that they call him in the event the appellant attempted to leave. Such a request has been held not to constitute an arrest or detention. *Hollomon v. State*, 633 S.W.2d 939, 942 (Tex.App.—Austin 1982, pet. ref'd).

We hold since the evidence was insufficient, as a matter of law, to prove that appellant was in custody, no rational trier of fact could convict him, and he therefore should have received an instructed verdict of not guilty.

The judgment is reversed and the prosecution under the instant indictment is ordered dismissed.