**Donald Jessie HARRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1350–85.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1987.

---

William R. Holman, Dallas, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, Robert Huttash, State's Atty., and Alfred Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of escape. Punishment was assessed at ten years' confinement, probated.

The evidence presented at trial showed that on June 8, 1982, the wheelchair-bound appellant was jailed in the Kerr County jail after being indicted for three felony thefts. During appellant's incarceration, it was determined that unless he was immediately hospitalized, his numerous medical problems might result in his death. Because appellant was a veteran and, due to his physical condition was thought not to be an escape risk, he was hospitalized at the V.A. Hospital in Kerrville on June 17, 1982. Appellant's hospitalization was brought about through an informal arrangement between the Kerr County judge and the head of security at the V.A. hospital. The undisputed evidence at trial showed that V.A. regulations prohibited V.A. security personnel from guarding a patient and also prohibited the posting of an armed guard outside appellant's room by the local authorities. The county judge testified that, as part of the agreement, the V.A. security people would keep an eye on appellant and if a change occurred in his condition or if he attempted to escape, they would notify Kerr County authorities. In addition the chief jailer for Kerr County testified that he told appellant before he left for the hospital that he was still under arrest and in custody and if he ran away from the hospital he would be treated as if he had escaped from the county jail. On June 23, 1982, appellant, accompanied by another V.A. patient and a local woman, left Kerrville and drove to Florida.

On original appeal the San Antonio Court of Appeals reversed appellant's conviction after finding the evidence insufficient to show that appellant was in custody at the time of the offense. *Harrell v. State*, 699 S.W.2d 319 (Tex.App.–San Antonio 1985). We granted the State's petitions for discretionary review to review this decision.

At the time of this offense, V.T.C.A., Penal Code, Section 38.07(a), described the offense of escape as follows:

"A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody."

V.T.C.A., Penal Code, Section 38.01(2) defines "custody" as:

"*... detained or under arrest by a peace officer* or under restraint by a public servant pursuant to an order of a court.*" (emphasis added)

The indictment, in pertinent part, alleged that appellant:

"did then and there intentionally and knowingly escape from the custody of E.L. Michelson, the chief jailor of the Kerr County, Texas jail, who had custody

of the defendant by virtue of and when he the said defendant was under arrest for and indicted for three separate felony theft offenses, being Cause Numbers 3499, 3500 and 3501 on the docket of the District Court of Kerr County, Texas, 216th Judicial District"

The Court of Appeals, in finding the evidence insufficient to show custody, focused on the fact that appellant was not under any kind of *physical* restraint while at the V.A. hospital. *Burkhalter v. State*, 642 S.W.2d 231 (Tex.App.–Houston (14th) 1982, no petition) and *Hollomon v. State*, 633 S.W.2d 939 (Tex.App.–Austin 1982, petition refused), cited by the Court of Appeals as authority in its opinion are inapposite to the situation in the instant case. Both *Burkhalter* and *Hollomon* were concerned with the act of *placing* an individual under arrest in the context of Chapter 15 of the Code of Criminal Procedure.

■■■ However, the issue before us is not what constitutes an initial arrest. Rather, we are concerned with the definition of custody as implicated in Section 38.07. We now hold that actual, physical "hands-on" restraint is not a prerequisite to a showing of custody in the context of the offense of escape. Rather it is appropriate to look at the legal status of the individual at the time of the escape. *Martin v. State*, 654 S.W.2d 473 (Tex.App.–Waco 1982), reversed on other grounds 652 S.W.2d 777 (Tex.Cr.App.1983). In the instant case, it is clear that appellant was still under arrest at the time of his departure from the hospital. Furthermore, it is clear that appellant was aware of his status as an arrestee while hospitalized. See *Morris v. State*, 739 S.W.2d 63 (Tex.Cr.App.1987). He had not been released on bond on the theft charges, Articles 17.21, 17.27, 17.29 V.A.C.C.P., nor had the charges been finally resolved. Articles 37.-12, 43.13, V.A.C.C.P. In the absence of either one of these two occurrences, appellant's legal status was one of an arrestee, and thus regardless of his physical location, he was still in custody. We find the evidence sufficient to show that appellant was in custody. The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for consideration of appellant's remaining points of error.

CLINTON, J., dissents because the "legal status" theory advanced by the majority is at odds with the statutes in light of the facts found by the Court of Appeals.

TEAGUE, J., dissents.