Bonnie Ray **GILBERT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 2–89–138–CR.

Court of Appeals of Texas, Fort Worth.

April 11, 1990.

Jim Shaw, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and V. Paul Dickson, Asst. Dist. Atty., Fort Worth, for the State.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Bonnie Ray Gilbert (appellant) was indicted for the offense of felony escape under TEX. PENAL CODE ANN. sec. 38.-07(c)(1) (Vernon 1989). After a bench trial, Gilbert was found guilty of escape and sentenced to four years confinement in the Texas Department of Corrections.[1]

We affirm.

During a routine patrol of Cobb Park, two Fort Worth police officers (Solomon and Riddle) observed an automobile parked approximately 150 feet off the roadway in an area in which vehicles were prohibited. As Officer Riddle approached the car on foot, she saw a head rise up on the passenger side. Both officers then observed Gilbert's head pop up on the driver's side. Gilbert's car began to move, and the officers yelled at the driver to stop. Gilbert's car stopped but then commenced forward again. Officer Solomon, in fear that Officer Riddle was about to be run down by the vehicle, drew his service revolver. The car subsequently stopped and Officer Solomon approached the vehicle, where he saw a young female passenger pulling up her panties and blue jeans. As Gilbert got out of the car and walked away from the vehicle, the girl began sliding out of the driver's side, exclaiming, "[H]e made me do it." Upon further questioning, Officer Solomon ascertained that Gilbert made the girl

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

have sex with him. She also told Officer Solomon that she was eleven years old.

Officer Solomon then directed Gilbert back to the vehicle and attempted to handcuff him. Gilbert was spread-eagled on the car, searched, and advised that he was under arrest for assault on a minor female. Gilbert refused to be handcuffed and struggled with both officers. Gilbert broke free and bolted back approximately eight feet from the two officers. Gilbert stated he was going to get into the police car, which was parked approximately 100 feet behind his vehicle. He started walking toward the police car, but as he approached a clearing in the park, he began running. Gilbert was apprehended later that evening. From his subsequent conviction for felony escape, he appeals.

In his sole point of error, Gilbert asserts there was insufficient evidence to sustain his conviction, because the State failed to prove every element alleged in the indictment. Specifically, Gilbert argues that the State failed to prove that he was in custody for the felony offense of aggravated sexual assault and that he was, in fact, in custody when he fled the scene.

The indictment alleges that Gilbert "did then and there intentionally and knowingly escape from the custody of R. Solomon, when the said Defendant was under arrest for the offense of aggravated sexual assault, a felony." Gilbert argues there is no evidence that he was in custody for aggravated sexual assault nor any evidence that he was in custody for a felony. He argues that the evidence shows he was under arrest for "assault on a female" or "assault on a minor female," which have not been shown to be felonies. He further asserts that the indictment fails to allege an offense and thus is fundamentally defective, citing us to *Abbey v. State,* 574 S.W.2d 104 (Tex.Crim.App. [Panel Op.] 1978); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Crim.App. 1976). He argues that his conviction should be reversed and remanded for acquittal, because the State failed to prove every element alleged in the indictment.

Gilbert also points the court to the distinction between section 38.07 and section 38.03 "Resisting Arrest or Search" and section 38.04 "Evading Arrest." TEX. PENAL CODE ANN. (Vernon 1989). He argues that evading arrest contemplates fleeing from a police officer attempting to make an arrest, which is a Class B misdemeanor and that resisting arrest occurs when force is used against the police officer, which is a Class A misdemeanor. He contends that escape contemplates escape from custody and argues that he had not yet been taken into custody at the time of his fleeing and thus he cannot be charged with felony escape under section 38.07.

We disagree.

 In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (opinion on reh'g); *Wilson v. State,* 654 S.W.2d 465, 471–72 (Tex.Crim.App.1983) (opinion on reh'g). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App. 1984); *Jackson,* 672 S.W.2d at 803.

 TEX. PENAL CODE ANN. sec. 22.-021 (Vernon 1989) sets forth the elements of aggravated sexual assault, prohibiting a sexual act with a child under fourteen years of age. The facts before the trial court clearly indicated that Gilbert was under arrest for aggravated sexual assault, which is a felony under section 22.021(e). We fail to see how Gilbert could have been misled or prejudiced by the variance be-

tween the allegation of "aggravated sexual assault" found in the indictment and Officer Solomon's statement to Gilbert that he was under arrest for "assault on a female" or "assault on a minor female." *See French v. State,* 629 S.W.2d 279, 281 (Tex. App.—Fort Worth 1982, pet. ref'd).

We also disagree with Gilbert's contention that he was not in "custody" as required by TEX. PENAL CODE ANN. sec. 38.07 (Vernon 1989). The elements of escape are: (1) a person; (2) escapes; (3) from custody; (4) when under arrest for, charged with or convicted of an offense. TEX. PENAL CODE ANN. sec. 38.07(a) (Vernon 1989); *Henderson v. State,* 600 S.W.2d 788 (Tex.Crim.App. [Panel Op.] 1979). Escape is a felony if the alleged underlying offense is a felony. TEX. PENAL CODE ANN. sec. 38.07(c)(1) (Vernon 1989).

■ "Custody" is defined as "detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court." TEX. PENAL CODE ANN. sec. 38.01(2) (Vernon 1989). An arrest occurs at that moment when a person's freedom of movement is restricted or restrained. *White v. State,* 601 S.W.2d 364, 365–66 (Tex.Crim.App. [Panel Op.] 1980). Moreover, the legislature has determined that an "arrest" occurs when the arrestee "has been actually placed under restraint or taken into custody by an officer...." TEX. CODE CRIM.PROC.ANN. art. 15.22 (Vernon 1977); *White,* 601 S.W.2d at 366; *Hardinge v. State,* 500 S.W.2d 870, 873 (Tex.Crim.App.1973). The Court of Criminal Appeals determined that a person is under arrest or in custody for purposes of the escape statute if a reasonable person in the defendant's position would have believed that he or she was not free to leave. *Morris v. State,* 739 S.W.2d 63, 64–65 (Tex.Crim.App.1987).

■ Actual, physical "hands-on" restraint is not a prerequisite to a showing of custody in the context of the offense of escape. *Harrell v. State,* 743 S.W.2d 229,

231 (Tex.Crim.App.1987). Instead, we must look at the legal status of the individual at the time of the escape. *Id.* at 231, citing *Martin v. State,* 654 S.W.2d 473 (Tex.App.—Waco 1982), *rev'd on other grounds,* 652 S.W.2d 777 (Tex.Crim.App. [En Banc] 1983).

■ Officer Solomon testified that he told Gilbert he was under arrest immediately after the girl told the officer that she was eleven years old and had been forced to have sex with Gilbert. Officer Solomon also testified that after this conversation, he placed both hands on Gilbert and walked him back to the car. As Gilbert was spread-eagled on the car, Officer Solomon searched Gilbert for weapons and then attempted to handcuff him. Officer Solomon again told Gilbert he was under arrest for assault on a minor female. As Officer Solomon attempted to handcuff Gilbert, the struggle ensued and Officer Riddle assisted him in attempting to handcuff Gilbert.

The fact that both officers failed in their efforts to physically restrain Gilbert is not a prerequisite to an effective showing of custody in a felony escape charge. A reasonable person in Gilbert's position would have believed that he was not free to leave. Gilbert was told that he was under arrest for the offense of assault on a minor female immediately before his escape, establishing his legal status as that of an arrestee under the guidelines of *Harrell.*

We hold that under the language of the *White, Morris, and Harrell* cases cited above, Gilbert was "in custody" for the felony offense of aggravated sexual assault. Therefore, sufficient evidence exists to support his conviction.

We overrule appellant's point of error and affirm the judgment of the trial court.