IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-194-CR




SAMMY MORALES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 90-059, HONORABLE CHARLES R. RAMSAY, JUDGE


 





PER CURIAM

 A jury found appellant guilty of escape and assessed punishment at imprisonment
for two years. Tex. Penal Code Ann. § 38.07 (1989). We affirm.

 In November and December 1989, appellant was incarcerated in the Caldwell
County jail awaiting trial on indictments accusing him of aggravated sexual assault and
kidnapping. On December 21, he was taken by two officers to the office of Dr. Charles Lawrence
in Lockhart for the purpose of obtaining hair, blood, urine, and semen samples. Appellant was
restrained by leg shackles and handcuffs, but at the doctor's request the restraints were removed
while appellant was in the examining room. After the samples were taken and while the doctor
was alone with appellant completing the necessary paper work, appellant jumped through a
window in the examining room and fled. He was recaptured by the officers after a short chase.

 In his third point of error, appellant claims that the evidence is not sufficient to
sustain the judgment. In support of this claim, appellant cites testimony by William Thomas, one
of the officers who took appellant to the doctor's office.



Q Okay. Do you know of your own personal knowledge whether or not there
was a bond set that was awaiting his return? He was about to bond out at
the time you took him over there, wasn't he?


A I believe that's right.


Q In fact, it was all set up to bond him out when you took him over there?


A I think that's also correct.



It is appellant's argument, as we understand it, that he was not in custody at the time of the
alleged escape because the samples had been taken and he was scheduled to be released on bond
upon his return to the jail. Appellant cites no authority.

 Assuming it is true that appellant was about to be released, the fact remains that
he had not been released at the time he jumped through the window and ran from the doctor's
office. Even though his physical restraints had been removed and he was in a doctor's office, his
legal status remained that of arrestee and he was still in custody. Harrell v. State, 743 S.W.2d
229 (Tex. Crim. App. 1987). We find the evidence legally sufficient to sustain the conviction and
overrule this point of error.

 Appellant's first and second points of error allege ineffective assistance of trial
counsel. We can quickly dispose of the second point, in which appellant argues that his attorney
should have moved for an instructed verdict of not guilty at the close of the State's evidence. This
contention is based on the same reasoning as his challenge to the sufficiency of the evidence. 
Because we have rejected appellant's argument that he was not in custody at the time of the
incident, we also reject appellant's contention that defense counsel was ineffective for failing to
move for an instructed verdict on that basis.

 Appellant's other complaint regarding the performance of his trial counsel relates
to jury selection. During voir dire, counsel asked the panel members if they knew Kirk Bennett,
the deputy sheriff from whom appellant was alleged to have escaped and who subsequently
testified. Panel member Bobby Bodkin stated that he had known Bennett for six or seven years. 
Asked by counsel if "that's a problem" and if "you could tell him he's wrong if he is," Bodkin
replied, "I feel like he's wrong all the time." Bodkin also stated that "everybody makes mistakes"
and that he would not believe Bennett just because he is a police officer. Defense counsel
peremptorily struck Bodkin from the jury, an act appellant characterizes as ineffectiveness under
the circumstances.

 An appellate court should not second-guess the trial strategy of counsel unless there
is no plausible basis in strategy or tactics for his action. Ex parte Burns, 601 S.W.2d 370, 372
(Tex. Crim. App. 1980). This rule is particularly relevant to counsel's use of peremptory strikes
during jury selection. Jury selection is a subjective process, requiring an analysis of the panel
members' responses, backgrounds, and demeanor. A cold record cannot fully convey the factors
that go into the decision to accept or strike a particular juror.

 In this cause, appellant asks that we take Bodkin's words at face value. But it is
possible that the panel member was joking when he said that Bennett was "wrong all the time,"
a fact that may have been perfectly obvious to defense counsel but cannot be reflected on the
printed page. Words that appellant's present counsel views as indicating enmity may have seemed
to trial counsel, who had the benefit of seeing the panel member, to be a sign of friendship. We
also note that Bodkin was acquainted with another State witness, Diane Bolton. It is also
significant that, with one exception, counsel struck all the panel members who stated that they
knew Bennett. Under the circumstances, appellant has not demonstrated that trial counsel was
ineffective because he used a peremptory strike against Bodkin. The first point of error is
overruled.

 Finally, appellant contends that the district court erred by denying his motion for
mistrial made in response to the prosecutor's jury argument at the guilt stage of trial. The remark
to which appellant objects is, "Do you think that if Sammy had been boasting to his inmates or
been acting that he was going to escape in Dr. Laurence's office --." Counsel interrupted to
object that the prosecutor was outside the record and speculating as to what appellant told other
inmates. The objection was sustained and the jury was instructed to disregard the remark.

 Contrary to the assertion in appellant's brief, the prosecutor did not say that
appellant had boasted to other inmates that he planned to escape on his trip to the doctor. To the
contrary, the prosecutor appears to have been making the point that appellant would not make
such statements, for obvious reasons. In any event, the error in the prosecutor's remark was
cured by the instruction to disregard. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd; Justice Powers not participating]

Affirmed

Filed: June 17, 1992

[Do Not Publish]