COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| DAVID NORRIS ALEXANDER, | § | No. 08-07-00279-CR |
| Appellant, | § | Appeal from the |
| V. | § | 366th District Court |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC# 366-81269-06) |
|  | § |  |
|  | § |  |

**O P I N I O N**

David Norris Alexander appeals a conviction for felony assault of a family or household member.[1]  The trial judge sentenced Appellant to 10 years' imprisonment.[2]

On January 27, 2006, Christi Gale went to the Roadhouse Bar with Appellant.  Ms. Gale and Appellant were dating at the time.  At the Roadhouse, Ms. Gale and Appellant saw some acquaintances and then left to go to another bar, Hank's.  Both Appellant and Ms. Gale left

---

[1] We note that the "Judgment of Conviction by Court" lists the statute for Appellant's offense as § 22.01(b)(1) of the Texas Penal Code.  Pursuant to applicable appellate rules, we reform the judgment to reflect the charge in the indictment and list the offense as § 22.01(b)(2) of the Texas Penal Code.  *See* TEX.R.APP.P. 43.2(b); *Daugherty v. State*, No. 08-06-00272-CR, 2008 WL 274848, at *3 (Tex.App--El Paso Jan. 31, 2008, no pet.h.)(not designated for publication)(reforming judgment to reflect proper statute under which defendant should have been convicted).

[2] Appellant was convicted at trial of two cases of assault of a family or household member enhanced by a previous conviction and was sentenced concurrently for the two offenses.  Appellant has appealed both convictions and this Court has addressed them as companion cases.  *See David Norris Alexander v. State*, 08-07-00280-CR (Tex.App.--El Paso Aug. 26, 2009, no pet.h.).

Hank's around 11 or 11:30 p.m. Ms. Gale drove home with Appellant, although she admitted that both Appellant and she had too much to drink.

In the car, Appellant and Ms. Gale engaged in an argument about each other's previous relationships. When they arrived at Ms. Gale's house, Appellant pulled out a "big wad" of Ms. Gale's hair, and "slammed" her face into the steering wheel. Subsequently, Ms. Gale's nose swelled up and bled. Appellant dragged Ms. Gale into the house, and left her on the floor in the breakfast area. Once inside the house, Appellant punched and kicked Ms. Gale. Then, Ms. Gale lost consciousness.

The next morning, Ms. Gale awoke upstairs, dressed in her pajamas. She saw injuries to her face in the mirror and called Darie Jackson, an acquaintance, over to her home. Ms. Jackson testified that she saw Ms. Gale "beat up pretty bad," with bruises, a black eye, a scratch on her face, and a bloody lip. Ms. Gale went on an errand with Ms. Jackson and initially disregarded Ms. Jackson's plea to call the police. While they were out, Appellant sent a text message to Ms. Jackson that said, "not sure what happened last night, sorry, take care of her, she deserves it." Appellant also told Ms. Jackson that "he didn't touch her . . . she fell out of the car."

Ms. Jackson thought it was strange when Ms. Gale called her after the incident because they were simply acquaintances and not "friends." Ms. Jackson also thought it was strange that Ms. Gale repeatedly told her in the car that she did not injure herself. Ms. Gale testified, however, that it was important to mention this to Ms. Jackson because Appellant had lied about a prior assault on Ms. Gale and told others she had injured herself.

A group of Ms. Gale's friends arrived at her house later and called the police for her. Ms. Gale spoke with police the night after the assault. During the assault, Ms. Gale suffered a

-2-

concussion, and could not remember all the details of the incident when she gave her statement to police. During testimony, Ms. Gale admitted that she did not write in her statement that Appellant had "slammed" her face into the steering wheel of her vehicle.

After his arrest, Appellant gave two written statements and one recorded statement to Investigator Jim Adams of the McKinney Police Department. In the recorded statement, Appellant claimed that Ms. Gale injured her face when her vehicle ran into the garage. Later, Appellant changed this story. He claimed that Ms. Gale hurt herself by hitting several curbs during her drive home with Appellant. However, Appellant testified that the air bags in Ms. Gale's car did not go off during that drive home. In a written statement made after the recorded interview, Appellant did not mention that Ms. Gale injured her face on the steering wheel. Days later, Appellant brought Investigator Adams another written statement. In this second written statement, Appellant claimed he found Ms. Gale on the floor and bloody after she jumped out of her vehicle at the house.

The trial court convicted Appellant of felony assault of a family or household member, enhanced by a previous conviction on August 17, 2007. The trial judge sentenced Appellant to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues for this Court's review. In Issue One, Appellant contends that the evidence is legally insufficient to support the verdict. In Issue Two, Appellant contends that the evidence is factually insufficient to support the verdict.

In Issue One, Appellant challenges the legal sufficiency of the evidence to support a conviction for assault of a family or household member. Appellant's entire argument consists of the following: "In this case the evidence is legally insufficient to support a finding of guilt."

Although Appellant's argument is wholly deficient and his brief fails to comply with Rule 38.1(i) of the Texas Rules of Appellate Procedure, in the interest of justice, this Court will review the trial court decision.

In reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict at trial and ask whether a rational trier of fact could have found beyond a reasonable doubt all the elements of the charged offense. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Chambers v. State*, 866 S.W.2d 9, 15 (Tex.Crim.App. 1993). It is the fact finder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. Further, the fact finder is "the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony." *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984).

Appellant was charged with felony family violence assault for the altercation with Ms. Gale. To support such a charge, the State must establish: (1) the defendant; (2) intentionally, knowingly, or recklessly; (3) caused bodily harm to another. *See* TEX.PENAL CODE ANN. § 22.01(a)(1)(Vernon Supp. 2008). The offense is enhanced to a third degree felony if the State also establishes that the victim is a member of the defendant's family or household, and that the defendant has been previously convicted of domestic violence. *See* TEX.PENAL CODE ANN. § 22.01(b)(2)(Vernon Supp. 2008).

In the case at bar, we conclude that a rational trier of fact could have found beyond a reasonable doubt each element of the charged offense. Further, Appellant has not offered this

Court any evidence of contradictory testimony nor has he shown how the State's evidence was legally insufficient. Ms. Gale testified at trial that she and Appellant engaged in an argument after they consumed alcohol at drinking establishments. She further testified that Appellant "smashed" her face into the steering wheel of her vehicle, dragged her by her wrists into her home, and proceeded to punch and kick her. Ms. Gale lost consciousness after Appellant beat her and suffered injuries including a bloody nose, bruising, a concussion, and amnesia. Photographs produced by the State clearly show Ms. Gale's injuries after her physical confrontation with Appellant.

Although Appellant denied committing the assault in multiple statements to the police, all of his statements contained inconsistencies. Appellant's statements to others, including his friends, were also inconsistent. Furthermore, Appellant's claim that Ms. Gale injured herself by hitting curbs and/or her garage wall during a drunken drive home was belied by the fact that Ms. Gale's air bags did not deploy and the garage wall showed no damage.

Although Appellant's trial counsel pointed to several inconsistencies in Ms. Gale's testimony, the trial court as fact finder was nevertheless the exclusive judge of the credibility of her testimony. *Dumas v. State*, 812 S.W.2d 611, 615 (Tex.App.--Dallas 1991, pet. ref'd); *see* TEX.CODE CRIM.PROC.ANN. arts. 36.13 (Vernon 2007) and 38.04 (Vernon 1979). The inconsistencies in Ms. Gale's testimony were the sort of conflicts that the fact finder was uniquely qualified to weigh and resolve. *Gilbert v. State*, 787 S.W.2d 233, 235 (Tex.App.--Fort Worth 1990, no pet.). Accordingly, the facts in this case, when viewed in the light most favorable to the verdict, are sufficient to sustain Appellant's conviction. Issue One is overruled.

In Issue Two, Appellant contends that the evidence was factually insufficient to support

his conviction. As in Issue One, Appellant's argument in Issue Two does not comply with Rule 38.1(i) of the Texas Rules of Appellate Procedure. In the interest of justice, we will review the trial court's decision for factual sufficiency of the evidence.

In determining factual sufficiency of the evidence, the court will review all evidence in a neutral light to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). Evidence is factually insufficient only if the record shows, with some objective basis, that either (1) the evidence supporting the verdict is so weak as to be manifestly unjust, or (2) the preponderance of the evidence contradicts the jury's verdict. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App. 2000); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). A conviction is not deemed "manifestly unjust" simply because the reviewing court does not concur with the conviction. *Watson*, 204 S.W.3d at 417. This Court will "not substantially intrude upon the [fact finder's] role as the sole judge of the weight and credibility of witness testimony." *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App. 1996).

In the case at bar, the record offers nothing objectively undermining or contradicting the trial court's decision. As discussed above in Issue One, Ms. Gale's testimony showed Appellant "smashed" her face into her vehicle's steering wheel and that Appellant punched and kicked her. As a result of this physical confrontation with Appellant, Ms. Gale suffered various injuries. Viewed in a neutral light, we hold that these facts are factually sufficient to prove Appellant intentionally caused injury to Ms. Gale, and therefore sufficient to sustain Appellant's conviction. *See, e.g., Dixon v. State*, 244 S.W.3d 472, 477-78 (Tex.App--Houston [14th Dist.] 2007, pet. ref'd)(holding that evidence was factually sufficient to sustain a conviction for assault

where victim testified that defendant beat her with his hands, a shoe, and a bat, although she did not report the incident until the next day and later reconciled with the defendant); *Arzaga v. State*, 86 S.W.3d 767, 777-78 (Tex.App.--El Paso 2002, no pet.)(holding that evidence was factually sufficient to sustain a conviction for assault even though the victim did not testify at trial). Accordingly, Issue Two is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment as reformed.

August 26, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)