

NUMBER 13-14-00180-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADRIAN LERMA,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

On appeal from the 24th District Court of
Goliad County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

Following a bench trial, the trial court found appellant Adrian Lerma guilty of

escape, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.06(a), (b) (West,

Westlaw through 2013 3d C.S.).[1]  The trial court sentenced appellant to one year of confinement, suspended the sentence, and placed appellant on community supervision for two years.  The trial court also imposed a $500.00 fine.  By a single issue, appellant contends the evidence is insufficient to support his conviction.  We reverse and render.

## I. BACKGROUND

Mary Allen, a community supervision officer in Goliad County, Texas, testified that she began supervising appellant's community supervision in November 2013.[2]  On December 16, 2013, appellant visited Allen's office in the Goliad County courthouse to report for his regular community supervision appointment.  After reviewing routine information, Allen told appellant that the Goliad County Sheriff's Office had issued a warrant for his arrest on a burglary of a vehicle offense and that deputies were on the way to pick him up.  Appellant said he "need[ed] a moment" and left Allen's office.  Allen, who was in the final month of a pregnancy, did not attempt to restrain appellant.  A video surveillance camera showed appellant running down the hallway.  Later that day, officers from the sheriff's department arrested appellant.  Allen testified that appellant was "supposed" to stay in her office until the deputies arrived.  She also testified that, at the time, the Victoria County court had not issued a capias for a violation of appellant's community supervision.

On cross-examination, Allen admitted that when appellant left her office, he was

---

[1] Appellant was indicted for felony escape, *see* TEX. PENAL CODE ANN. § 38.06(c) (West, Westlaw through 2013 3d C.S.), but the trial court found him guilty of the lesser-included offense of misdemeanor escape.  *See id.* § 38.06(a), (b) (West, Westlaw through 2013 3d C.S.).

[2] Allen testified that appellant was placed on deferred adjudication community supervision in Victoria County for the first-degree felony offense of unlawful delivery of a controlled substance in Penalty Group 1.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West, Westlaw through 2013 3d C.S.). Allen supervised appellant's community supervision as a courtesy to Victoria County because appellant lived in Goliad County.

not under arrest. Allen testified that she is not a licensed peace officer and had no authority to arrest appellant. She did not tell appellant not to leave her office.

In closing argument, the prosecutor argued that because appellant had been told that there was a warrant for his arrest, appellant was "under arrest" and was "in custody." The trial court stated that when a probationer reports to a probation officer, the probationer is "in the custody" of the probation office. The court concluded that appellant was both "lawfully detained" under subsection (a)(1) of section 38.06 and "in custody pursuant to a lawful order of the court" under subsection (a)(2). *See* TEX. PENAL CODE ANN. § 38.06(a)(1), (a)(2). The "lawful order of the court" was "the order that required [appellant] to obey the terms and conditions of his probation." The trial court cited *Lawhorn v. State*, 898 S.W.2d 886, 890 (Tex. Crim. App. 1995), and *Harrell v. State*, 743 S.W.2d 229, 231 (Tex. Crim. App. 1987). The trial court imposed a $500.00 fine, sentenced appellant to one year in jail, suspended the sentence, and placed appellant on community supervision for two years. The trial court also dismissed the pending burglary of a vehicle charge against appellant.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a sufficiency review, courts examine the evidence in the light most favorable to the verdict to determine whether "any rational fact finder could have found guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plural. op.) ("[T]he *Jackson* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt."). This standard requires reviewing courts

3

to resolve any evidentiary inconsistencies in favor of the judgment, keeping in mind that the trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to give their testimony. *Brooks,* 323 S.W.3d at 899; *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West, Westlaw through 2013 3d C.S.). Appellate courts do not re-evaluate the weight and credibility of the evidence; they only ensure that the fact finder reached a rational decision. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). A fact finder may support its verdict with reasonable inferences drawn from the evidence, and it is up to the fact finder to decide which inference is most reasonable. *Id.* at 523.

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240.

Section 38.06 provides in relevant part:

(a) A person commits [escape] if the person escapes from custody when the person is:

(1) under arrest for, lawfully detained for, charged with, or convicted of an offense; [or]

(2) in custody pursuant to a lawful order of a court . . . .

TEX. PENAL CODE ANN. § 38.06(a)(1)–(2). Chapter 38 provides the following definitions:

In this chapter:

(1) "Custody" means:

(A) under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court of this state or another state of the United States; or

(B) under restraint by an agent or employee of a facility that is operated by or under contract with the United States and that confines persons arrested for, charged with, or convicted of criminal offenses.

(2) "Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period or leave that is part of an intermittent sentence, but does not include a violation of conditions of community supervision or parole other than conditions that impose a period of confinement in a secure correctional facility.

*Id.* § 38.01 (West, Westlaw through 2013 3d C.S.).

Here, the indictment read as follows:

ADRIAN MARTINEZ LERMA

On or about December 16, 2013, and anterior to the presentment of this Indictment, in Goliad County, Texas, after being arrested for and charged with an offense, to wit: manufacture/delivery of a controlled substance and being in custody pursuant to a lawful order of a court, to wit: a capias for a probation violation for felony delivery or manufacture of a controlled substance and for burglary of a motor vehicle, did then and there escape from the custody of MARY ALLEN, a public servant acting pursuant to an order of a court, to wit: a capias for aprobation [sic] violation for felony delivery or manufacture of a controlled substance and for an arrest warrant for burglary of a motor vehicle;

At the time of the escape, ADRIAN MARTINEZ LERMA, being in custody was under arrest for and charged with a felony offense . . . .

Thus, consistent with the indictment, *see Villarreal*, 286 S.W.3d at 327, the State was required to prove that appellant (1) escaped (2) from Allen's custody (3) pursuant to a capias for a probation violation for felony delivery or manufacture of a controlled substance and an arrest warrant for burglary of a vehicle.

### III. DISCUSSION

5

We first address whether appellant was in Allen's custody at the time he left her office.

In *Warner v. State*, the court of criminal appeals addressed the "meaning of 'custody' in the statute that defines the offense of escape; specifically, whether a person 'escapes from custody' within the meaning of Section 38.06(a) of the Penal Code if, after an officer has grasped his arms and told him he is under arrest, he pulls free and runs away." 257 S.W.3d 243, 243 (Tex. Crim. App. 2008). In reaffirming its earlier holding in *Medford v. State*, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000),[3] the court of criminal appeals held that the evidence was legally insufficient to support the appellant's conviction for escape because he was not in custody by being under arrest. *Warner*, 257 S.W.3d at 247–48. The *Warner C*ourt held:

> While it is true that an escape may involve proof that an officer was unable to *continue* to restrain a person who had been in custody, the language of the statute expressly requires that a person have been in custody before he can escape. To paraphrase the Court of Appeals' language, escape can occur only after an officer *has* successfully restrained or restricted a suspect—that is, when the officer's grasp has amounted to an arrest. To hold otherwise would ignore the distinction the legislature has made between the offense of escape and the offenses of evading arrest (which a person commits when "he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him") and resisting arrest (which a person commits when he "intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest, search, or transportation of the actor or another by using force against the peace

---

[3] In *Medford v. State*, the court of criminal appeals held that:

For purposes of the escape statute, an "arrest" is complete when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority. Furthermore, an arrest is complete only if "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Corral–Franco*, 848 F.2d 536, 540 (5th Cir. 1988).

13 S.W.3d 769, 773 (Tex. Crim. App. 2000)

officer or another"). Those are the offenses that a person commits when the officer has not successfully restrained or restricted a suspect.

> To hold otherwise also would use the terms "arrest" and "custody" interchangeably. To clarify, arrest is a subset of custody. In the case before us and in *Medford*, the question was whether a person was in custody by being under arrest, but that is not always the case. The escape statute that we are construing expressly provided that custody may include other things. A person may be in custody while "charged with" or "convicted of an offense," "pursuant to a lawful order of a court," or while "detained in a secure detention facility."

*Warner*, 257 S.W.3d at 247 (footnotes omitted) (emphasis in original).

In the present case, as in *Medford* and *Warner*, appellant was not in custody by being under arrest. Mere intent to make an arrest or an officer's expression of such intent is insufficient. *See Medford*, 13 S.W.3d at 772. "An arrest of a person carries with it an element of detention, custody or control of the accused. . . . *There must be custody or detention and submission to such arrest.*" *Id.* at 772–73 (emphasis in original) (quoting *Smith v. State*, 219 S.W.2d 454, 456 (1949)). Here, the uncontroverted evidence established that appellant's liberty of movement was not successfully restricted or restrained, because Allen did not use physical force and appellant did not submit to her authority. *See id.* at 773.

As the *Warner* Court noted, however, "arrest is a subset of custody." *Warner*, 257 S.W.3d at 247. The escape statute provides that a person commits an offense if the person "escapes from custody" when the person is "lawfully detained for, charged with, or convicted of an offense" or is "in custody pursuant to a lawful order of a court." *See* TEX. PENAL CODE ANN. § 38.06(a)(1), (a)(2). "Accordingly, it is an element of the offense of escape that the defendant is in custody prior to the offense." *Lawhorn*, 898 S.W.2d at 890 (interpreting predecessor escape statute); *see also Huffmaster v. State*, No. 13-08-

599-CR, 2009 WL 8730145, at *2 (Tex. App.—Corpus Christi May 28, 2009, pet. ref'd) (mem. op., not designated for publication).

Having determined that appellant was not in custody by being under arrest, we turn to whether he was "in custody" by some other circumstance. Custody is defined in chapter 38 (in addition to being "under arrest by a peace officer") as "under restraint by a public servant pursuant to an order of a court." *See id.* § 38.01(1)(A). The indictment alleged that appellant was "in custody pursuant to a lawful order of a court," *see id.* § 38.06(a)(2); the "lawful order" was identified as "a capias for a probation violation for felony delivery or manufacture of a controlled substance and for an arrest warrant for burglary of a motor vehicle." Allen testified that there was a "complaint" against appellant and an "arrest warrant," but no capias for a probation violation had been issued. Nonetheless, even assuming, without deciding, that Allen is a "public servant" acting "pursuant to a lawful order of a court" as alleged in the indictment, the State presented no evidence that appellant was "under restraint." *See id.* § 38.01(1)(A). We disagree with the trial court's conclusions that appellant was in Allen's custody simply by virtue of reporting to her and that the "lawful court order" was the order placing him on probation.

The trial court relied, in part, on the opinion of the court of criminal appeals in *Harrell v. State*, in which the court stated that, "actual, physical 'hands-on' restraint is not a prerequisite to a showing of custody in the context of the offense of escape. Rather it is appropriate to look at the legal status of the individual at the time of the escape." 743 S.W.2d at 231. We find the facts in *Harrell* distinguishable. In *Harrell*, the defendant was jailed and indicted for three felony thefts. *Id.* at 230. He was hospitalized because of various medical problems. *Id.* While hospitalized, the defendant was told that he

8

remained under arrest and in custody. *Id.* He left the hospital and was convicted of escape. *Id.* On appeal, the San Antonio Court of Appeals found the evidence insufficient to show that he was in custody at the time he left the hospital. *Id.* The court of criminal appeals reversed, holding that physical restraint was not required to establish custody and that it was appropriate to look at the defendant's legal status. *Id.* at 231. The court noted that the defendant was "still under arrest" when he left the hospital and was "aware of his status as an arrestee while hospitalized." *Id.* Accordingly, the defendant was "still in custody" when he escaped from the hospital. *Id.*

In contrast, appellant had not been arrested when he reported to Allen. In *Cunningham v. State*, the court of criminal appeals addressed whether a probationer reporting to his probation officer was "in custody" such that statements made by the probationer to his probation officer absent *Miranda* warnings[4] were inadmissible. 488 S.W.2d 117, 119 (Tex. Crim. App. 1972). The court found that the "appellant-probationer was not under arrest, 'in custody' or 'otherwise deprived of his freedom of action in any significant way,'" and that the statements made by the probationer to his probation officer were therefore admissible. *Id.* Like the probationer reporting to his probation officer in *Cunningham*, appellant was not in custody when he left Allen's office. Because appellant was not "in custody" at the time he left Allen's office, the evidence was insufficient to support his conviction for escape. *See* TEX. PENAL CODE ANN. § 38.06(a). Although appellant may have committed the offense of evading arrest, *see id.* § 38.04(a) (West, Westlaw through 2013 3d C.S.); *see Warner*, 257 S.W.3d at 247, he was not charged with that offense.

---

[4] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

The evidence is legally insufficient to support appellant's escape conviction.  We sustain appellant's sole issue.

## IV. Conclusion

We reverse the judgment and render a judgment of acquittal.

DORI CONTRERAS GARZA,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
4th day of December, 2014.