JAMES EMMET TRAMMELL V. STATE

No. 27,864. February 1, 1956.

State's Motion for Rehearing Denied
(Without Written Opinion) March 14, 1956.

*Tom Howard,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George R. Edwards, Charles S. Potts, George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, ten days in jail and a fine of $200.00.

Officer Curtis testified that he investigated a collision and sent the appellant to the hospital in an ambulance, that he proceeded to the hospital and there saw a doctor take a sample of blood from the appellant's arm. When the state called Dr. Mason, the toxicologist, the appellant objected to his testimony as to the results of the blood test on the ground that the state had failed to prove that the sample of blood was taken with the appellant's consent. The objection was overruled, and we have concluded that the trial court erred in so ruling. The appellant testified that he was unconscious when he arrived at the hospital, and there is nothing in the record to refute such testimony.

In Brown v. State, 156 Tex. Cr. Rep. 144, 240 S. W. 2d 310, we said:

"When so taken by competent and trained nurses, doctors or laboratory technicians with the consent of one whose state of sobriety is questioned, the results of the test thereof may be shown by the state or by the accused. Consent being shown, the provisions of the 5th Amendment to the Constitution of the United States and Art. I, Sec. 10 of the Constitution of Texas, Vernon's Ann. St. Const., providing that no person shall be compelled to give evidence against himself, are not violated in the taking of blood for analysis, and the proof of the result of the test."

The state having failed to show that the specimen was taken with the consent of the appellant, the testimony of Dr. Mason was not admissible.

The judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

There is but one point of error submitted by appellant in his brief, which is that the trial court erred in admitting testimony of Dr. Morton F. Mason as to the result of an analysis of a blood sample taken from the defendant shortly after his arrest.

Prior to Dr. Mason's appearance as a witness, police officer A. L. Curtis, who investigated the accident in which the car driven by appellant was involved, testified that he observed appellant at the scene, smelled his breath, noticed that his speech was slurred, that he was unable to walk straight and required help to prevent falling in the street; that he called an ambulance and had appellant carried to Parkland Hospital. He expressed the opinion that appellant was intoxicated and testified "I thought he was, but I wanted to be sure that he wasn't injured."

Witness Curtis then testified, without objection being offered, that he went to the hospital and was present when a doctor took "a blood test," after cleaning appellant's arm with soap; that he sealed the blood specimen, labeled the container, and placed it in the ice box, in the usual place.

Thereafter, during the trial, Dr. Mason was called by the state as a witness, and after showing his qualifications and experience, testified that the blood in question was analyzed under his supervision. He was then asked "What does your analysis show the blood-alcohol concentration of James Emmet Trammell to be?"

To this question appellant objected, among other reasons, because it had not been shown that appellant consented to the taking of his blood or that the blood was taken for the purpose of treatment.

The witness was permitted to answer the question and stated that the alcohol concentration in the blood sample was 0.328 per cent. He further testified that no authority would disagree that such concentration of alcohol showed definite intoxication of the person from whom the blood was taken.

Appellant thereafter testified, denied that he was intoxicated, and said that he was struck by the driver of the car with which he collided and remembered nothing until he awoke at Parkland Hospital, at which time an interne was sewing up the back of his head. He was not asked and did not testify regarding the taking of his blood or deny that he consented thereto.

There was no testimony showing that appellant consented to the taking of his blood, nor is there testimony that he did not assent or agree, and no suggestion that he opposed its taking.

Appellant's testimony to the effect that he was unconscious was not before the court when the testimony of Dr. Mason was admitted, and there was no motion thereafter requesting that the testimony as to the result of the analysis of the blood sample be withdrawn, and no request that an issue as to whether or not appellant consented to the taking of the blood be submitted to the jury.

Neither in the trial court nor here is it contended that the blood sample was taken without the consent of appellant.

It was and is appellant's position that a burden rested upon the state to prove, as a predicate for the admission of Dr. Mason's testimony, that appellant gave his consent to the taking of the blood specimen.

Dr. Mason was not present when the blood was taken from appellant's arm. The witness who was present had testified without objection that the specimen was taken.

Had objection been offered to the testimony of officer Custis regarding the taking of the blood a different question would be before us. But in the absence of an objection, no burden rested on the state to make further proof regarding the taking of the blood before proving the result of its analysis.

I respectfully enter my dissent.