## 234

**John Segal MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42458.**

Court of Criminal Appeals of Texas

Dec. 17, 1969.

John Sieren, Fort Worth (Court Appointed on Appeal Only), for appellant.

Frank Coffey, Dist. Atty., and Roland H. Hill, Jr., Clayton Evans, Joe C. Spurlock, II, and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

On October 2, 1968, appellant pleaded guilty to felony theft of an automobile and his punishment was assessed at 3 years in the Texas Department of Corrections. Imposition of sentence was suspended and probation was granted, one of the conditions being that he commit no offense against the laws of this state or any other state, or the United States, during the three year term of probation.

On March 18, 1969, following a hearing on the District Attorney's motion to revoke probation, order was entered finding that appellant had committed another offense against the laws of this state and revoking probation. On the same day sentence was pronounced and notice of appeal was given.

The motion for revocation alleged that during the term of probation appellant committed the offense of forgery. The court found that such offense was committed on or about October 8, 1968, and appellant was tried and convicted for said offense and received a five year sentence.

On appeal from an order of the court revoking probation, review is limited to determination of whether the trial court abused his discretion in revoking probation. Wilkerson v. State, Tex.Cr.App., 395 S.W. 2d 618, and cases listed under Art. 42.-12, Vernon's Ann.C.C.P., Note 29.

Irregularities in the record such as pointed out by appellant in his first four "points of error" may, in a proper proceeding, be corrected nunc pro tunc and reflect no abuse of discretion on the part of the trial judge in revoking probation.

The contention is raised that an abuse of discretion is shown in that there was insufficient evidence to authorize the court to revoke probation.

Officer J. R. Clayton testified that he did not know appellant personally but had seen

him on the morning of the offense in the store in which the offense occurred and at the time of day, at which time appellant was purchasing a suit with a credit card.

Joe Green, employee of the store, testified that he sold appellant a suit of clothes; that appellant had in his possession a charge plate showing the name of William R. McQueen, the name which appellant signed on the sale slip.

William R. McQueen identified the credit card as his and testified that on October 8, 1968, it had been stolen and was not in his possession; that the signature on the charge slip was not his signature; that he did not sign the charge slip or give appellant or any other person permission to use his credit card or to sign his name on the charge slip.

We find no abuse of discretion on the part of the trial judge in revoking probation.

The judgment is affirmed.