**John BRIONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44312.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Willis E. Gresham, Jr., Lamesa, for appellant.

Vernon D. Adcock, Dist. Atty., Lamesa, and Jim D. Vollers, State's Atty., Austin, for the State.

**40**

OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On March 26, 1970, appellant pleaded guilty to the offense of driving while intoxicated, subsequent offense, and his punishment was assessed at two years in the Department of Corrections. Imposition of sentence was suspended and probation was granted, one of the conditions being that he commit no offense against the laws of this or any other state, or of the United States.

On September 16, 1970, following a hearing on motion to revoke probation, an order was entered finding that appellant had violated the terms and conditions of his probation by driving and operating an automobile upon a public highway while intoxicated; making an assault upon Lupe Flores; and, passing a worthless check. On the same day, sentence was pronounced and notice of appeal given.

The sufficiency of the evidence to revoke probation is not challenged. The only question presented to this court is whether the order placing appellant on probation was valid. Appellant contends that the judgment is void since the county court judgment allegedly convicting the appellant of the first offense assessed only a fine and did not assess the mandatory jail time.[1]

On appeal from an order of the court revoking probation, review is limited to a determination of whether an abuse of discretion is shown by the trial court in revoking the probation. Martin v. State, Tex.Cr.App., 449 S.W.2d 234; Wilkerson v. State, Tex.Cr.App., 395 S.W.2d 618.

Irregularities in the record may, in a proper proceeding, be corrected nunc pro tunc. Martin v. State, supra; Barker v. State, 169 Tex.Cr.R. 277, 334 S.W.2d 182;

Lenore v. State, 137 Tex.Cr.R. 417, 129 S. W.2d 657. See also Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825.

We find no abuse of discretion on the part of the trial judge in revoking probation.

The judgment is affirmed.

---

1. The said judgment assessed a fine of $50.00 and "——— days in the County Jail."