**Blane Eugene BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49600.**

Court of Criminal Appeals of Texas.

May 7, 1975.

Rehearing Denied May 28, 1975.

Paul W. Anderson, Marshall, for appellant.

Sam Baxter, Dist. Atty., Marshall, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for murder without malice, committed by driving a motor vehicle while intoxicated, in violation of Article 802c, Vernon's Ann. P.C. Because of deficiencies in the record this appeal was dismissed in a Per Curiam opinion and was abated in another Per Curiam opinion. The record is now properly before us for consideration.

The appellant waived a jury trial and entered a plea of not guilty before the court; after hearing the evidence and finding the appellant guilty, the court assessed punishment of imprisonment for five years. In his first of two grounds of error the appellant urges that evidence of the alcoholic content of his blood specimen was erroneously admitted because the blood specimen was taken from him without his consent contrary to statutory provisions.

In his second ground of error the appellant urges that the evidence is insufficient to sustain the conviction because there is insufficient proof to show he was intoxicated at the time of the collision.

Over objection expert testimony was admitted that the alcoholic content of the appellant's blood was .22 of 1% at the time of the collision. The appellant objected, contending that the blood specimen was taken from him without his consent. On appeal he argues that the taking of his blood without his consent was contrary to and in violation of Article 6701*l*–5, Vernon's Ann.Civ.St.

The appellant does not urge reversal on constitutional grounds. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and Olson v. State, 484 S.W.2d 756 (Tex.Cr.App.1972). But in Olson v. State, supra, it was said:

"As earlier noted, the Legislature has recently acted in this area. Article 802f, Vernon's Ann.P.C., as amended (Acts 1971, 62nd Leg.R.S., ch. 709, p. 2340, effective June 7, 1971). Even though the overruling of *Trammell* [v. State, 162 Tex.Cr.R. 543, 287 S.W.2d 487] may have removed a constitutional impediment of consent as to the taking of a blood test or other chemical tests, this does not obviate the necessity of compliance with statutory provisions, even though statutory requirements may not now be constitutionally required."

The appellant relies solely upon the statutory provisions which were found in Article 802f, V.A.P.C. on the day of the alleged offense; these provisions have since been designated as 6701*l*–5, V.A.C.S. by authority of Sec. 5, Acts 1973, 63rd Leg., p. 995, ch. 399, enacting the New Penal Code. The pertinent part of the statute reads:

"Section 1. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provi-

sions of this Act, to a chemical test,. or tests, of his breath for the purpose of determining the alcoholic content of his blood *if arrested* for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor. Any person *so arrested* may consent to the taking of any other type of chemical test, or tests, to determine the alcoholic content of his blood, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways of this state, to have given consent to any type of chemical test other than a chemical test, or tests, of his breath. . . .

"Sec. 2. *If a person under arrest* refuses, upon the request of a law enforcement officer, to submit to a chemical breath test designated by the law enforcement officer as provided in Section 1, none shall be given, . . . . if, upon such hearing the court finds (1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway while under the influence of intoxicating liquor *at the time of the arrest* by the officer, (2) *that the person was placed under arrest* by the officer at such time and before offering the person an opportunity to be tested under the provisions of this Act . . . .

"Sec. 3(a) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle and while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor.

" . . .

" . . .

"(d) The person tested may, upon request and within a reasonable time not to exceed two hours *after the arrest,* have a physician, qualified technician, chemist, or registered professional nurse of his own choosing administer a chemical test, or tests, in addition to any administered at the direction of a law enforcement officer. . . . " (Emphasis added.)

The appellant's reliance upon the provisions of Article 802f, V.A.P.C. (now Article 6701*l*-5, V.A.C.S.) is misplaced. The evidence in this case does not show and the appellant does not contend that he was *under arrest* at the time the blood specimen was taken. Article 802f, V.A.P. C. by its explicit terms applies only to persons who have been arrested.

The evidence of the alcoholic content of the appellant's blood was admissible, and the evidence is ample to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.