IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1597-05, PD-1598-05, PD-1599-05






TERRY RHODES, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


WALKER COUNTY





 Keller, P.J., delivered the opinion of the Court in which Keasler,
Hervey, Holcomb and Cochran, JJ., joined. Meyers, Womack and Johnson, JJ.,
joined Parts I and IIA and dissented to Part IIB. Price, J., filed a dissenting opinion.


 


 We must determine whether a defendant may collaterally attack a prior judgment of conviction used
to enhance a new offense, in the trial of that new offense, on the ground that the prior judgment was too
lenient. We hold that he cannot.

I. BACKGROUND


A. Trial


 Appellant was serving time in prison for burglary (three years) and aggravated sexual assault (forty-five years). He was bench-warranted to Smith County to answer for a theft offense. While in the Smith
County jail, he escaped. He was ultimately convicted on both the theft and escape charges. He was
sentenced to two years in state jail for the theft and ten years in prison for the escape. The escape sentence
was ordered to be run concurrently with the theft sentence. The written judgment for the escape conviction
is silent as to whether the escape sentence was to run concurrently to or consecutively with appellant's prior
burglary and aggravated sexual assault sentences. This written judgment is also silent concerning whether
or not there was a plea agreement. 

 Appellant later committed more crimes and was ultimately charged with new felony offenses of
escape, burglary of a habitation, and theft. The State alleged two prior judgments of conviction for
enhancement purposes. (1) One of those prior judgments was for the Smith County escape case. Appellant
filed a motion to quash that enhancement allegation. Relying upon Article 42.08 of the Code of Criminal
Procedure, he claimed that the judgment was void because the escape sentence was run concurrently with
his other sentences when the statute required that it be cumulated with the earlier burglary and sexual assault
sentences he was serving at the time he committed the escape. (2) 

 The State presented three responses to appellant's claim: (1) Article 42.08(b) did not require the
escape judgment to be stacked because appellant was not actually "in" the prison system at the time of the
escape, since he had been bench-warranted to the Smith County jail. (2) Even if the judgment had to be
stacked, the absence of stacking did not make the judgment void and the deficiency could be corrected
in a nunc pro tunc order. (3) Equitable notions of justice should prevent the defendant from gaining the
benefit of concurrent sentencing and then turning around to complain about it later. 

 The trial court denied appellant's motion, the enhancement allegations were subsequently found to
be true, and appellant was sentenced as an habitual offender on all three offenses, receiving sentences of
thirty-three years, twenty-five years, and twenty-five years, respectively.

B. Appeal


 In his sole point of error on appeal, appellant re-urged his contention that the Smith County escape
judgment was void. In response, the State re-urged the first argument it had made at trial. (3) The court of
appeals found that Article 42.08(b) required that the sentence for the Smith County escape be stacked onto
the sentence for the prior aggravated sexual assault, (4) and it found that the failure to stack rendered the prior
judgment void and thus unusable for enhancement purposes. (5) As a result, the court of appeals reversed
the judgment of the trial court and remanded the case for a new punishment hearing. (6)

 The State filed a motion for rehearing, repeating its original argument and making the following
additional arguments: (1) a prior conviction can be valid for enhancement purposes even if the sentence
is void, (2) the trial court had no evidence before it that appellant met the criteria outlined in Article
42.08(b), (3) appellant bargained for the punishment obtained and cannot now complain of an action he
earlier requested, and (4) a cumulation order is not part of the sentence. Appellant filed a response to the
State's motion. In responding to argument (3) above, appellant acknowledged that he "did enter into a plea
bargain for his sentence in the Smith County escape case" but claimed that he did not "invite" the error as
a result. The motion for rehearing was denied. 

 En banc consideration was also requested but denied. In an opinion dissenting from the denial of
en banc consideration, Justice Keyes argued that a cumulation order is not part of a sentence, so its
absence could not render a sentence void. (7)

C. Discretionary Review


 In its petition for discretionary review, the State raises several issues, which can be summarized as
follows: (1) whether appellant was estopped from complaining that his sentence was illegal, (2) whether
a defendant's constitutional rights would be violated by a nunc pro tunc order that would make the
sentences run consecutively, (3) what is the legal effect of a failure to order a sentence to run consecutively
as required by Article 42.08(b), and (4) what amount of evidence is required to invoke the mandatory
provisions of Article 42.08(b). (8) 

 In arguing the estoppel question, the State claims that appellant entered into a plea agreement for
his sentence on the Smith County escape charge. In his response brief, appellant contends that there is no
evidence in the record to prove that his conviction was the result of an agreement. (9) Our review of the trial
record in the present case reveals that there was indeed no indication that the parties entered into a plea
agreement. The trial record contains no court reporter's record or plea papers that might have shed light
on whether a plea agreement existed, and the trial record does not otherwise contain any indication of a
plea agreement. However, nothing in the trial record specifically refutes the existence of a plea agreement
either, and as we observed above, appellant conceded the existence of a plea agreement in a pleading
before the court of appeals. But even if we assume there was a plea agreement, we have no information
concerning its terms, and more specifically, whether the terms included concurrent sentencing, unless we
construe the State's contention that there was a plea agreement as an admission (10) to that effect. (11)

II. ANALYSIS


 We need not decide whether to treat this case as involving a plea agreement with respect to the
concurrent sentencing issue. As we shall explain, if there was no plea agreement on the concurrent
sentencing issue, then the judgment is not void, and thus not subject to collateral attack, because it was at
some point in time subject to reformation. (12) If there was a plea agreement on the concurrent sentencing
issue, then appellant is estopped from challenging the judgment. We detail our reasoning on these points
below.

A. No Agreement Means Judgment Is Not Void


 Appellant's challenge to the enhancement allegation in this case constitutes a collateral attack on
the prior judgment of conviction. (13) Such a collateral attack is permitted only if the prior judgment is void,
and not merely voidable. (14) 

 Initially, we point out that there is a difference between an entire judgment being "void" and a
portion of a judgment being "void." For example, a judgment may contain two or more sentencing
elements (e.g. imprisonment and fine), one of which may be valid while the other is void. (15) When only one
of the sentencing elements is void, the judgment is rendered void only if the judgment cannot be reformed
to cure the infirmity (i.e. the infirmity cannot be cured without resort to resentencing). (16) Some cases
addressing other types of judgment defects have likewise indicated that the judgment is not void if the defect
could have been reformed on the direct appeal of the judgment in question (17) or in a nunc pro tunc order. (18)

 This Court has addressed at least three different curable judgment defects relating to punishment
that arose from a contested trial, in which there was no plea agreement. In Williams v. State, we
confronted on direct appeal a claim that a cumulation order was void. (19) We agreed, and we deleted the
cumulation order but otherwise affirmed the conviction. (20) 

 In Ex parte Johnson, an applicant claimed on habeas corpus that his conviction for aggravated
robbery was void because it contained an unauthorized fine. (21) The jury had rendered a verdict assessing
punishment at fifty years of confinement and a $10,000 fine, but according to the habitual-sentencing statute
under which the applicant was punished, no fine was authorized. (22) We held that the trial court was
empowered to reform the judgment by deleting the unauthorized fine. (23) In Barker v. State, the
defendant did what appellant did here: he challenged a prior conviction used for enhancement purposes at
the trial of a new offense. (24) He claimed that the prior judgment was void because, in addition to a valid
three-day jail sentence and fifty-dollar fine, the judgment contained an invalid provision commuting the
sentence to a six-month term of probation. (25) We rejected the defendant's contention. (26) First, we relied
upon Ex parte King for the proposition that "a judgment or sentence containing an irregularity which may
be reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked." (27) 
Second, we cited Lenore v. State for the proposition that "a prior judgment providing for a fine of $25
when the minimum punishment provided by law was a $100 fine was erroneous, but not void, and was
available for enhancement of punishment in a prosecution for a subsequent offense." (28) 

 Clearly, where concurrent sentencing is not a part of a plea agreement, reforming the judgment to
make the sentence consecutive can be accomplished without resort to resentencing. We have already held
that a cumulation order can be deleted without disturbing the remainder of the judgment. Imposing a
cumulation order where one is required is simply the flip side of the coin. This type of situation does not
involve a range of valid possible punishment options that would require a new sentencing hearing to be held. 
If concurrent sentencing between two sentences (here the escape and the prior aggravated sexual assault)
is invalid, then only one valid option remains (consecutive sentencing), making reformation possible, at the
very least, on direct appeal.

 We need not decide whether the defect here is itself of the void or voidable variety, (29) whether it
is even voidable at all, (30) or whether a cumulation order (or lack thereof) is part of the "sentence." (31) 
However one characterizes the defect of failing to cumulate appellant's sentence in the prior escape
judgment, the reformable nature of the defect means that it cannot render the prior judgment void. (32) B. Agreement Means Appellant Is Estopped from Challenging the Judgment


 This Court has not, in a majority opinion, addressed the application of the estoppel doctrine in
circumstances such as these. But the issue was discussed in a plurality opinion on rehearing in Heath v.
State (33) and in a concurring opinion in Ex parte Williams, (34) both of which involved a defendant challenging
a prior plea-bargained judgment of conviction on the ground that the trial judge imposed probation without
the authority to do so. (35) The Heath plurality decided that the doctrine of estoppel would not bar a plea-bargaining defendant's challenge to an illegal sentence. (36) By contrast, the Williams concurrence concluded
that the plea-bargaining defendant in that case was estopped from challenging the trial court's judgment
because he had accepted the benefits of probation. (37) Although a majority of the Court in Williams chose
to deny relief upon a different ground, (38) this Court has subsequently suggested that the estoppel issue raised
by the concurring opinion is an open question. (39)

 An examination of the plurality opinion in Heath reveals that its holding on the estoppel issue was
based upon a faulty premise. Immediately before reaching its conclusion, the plurality discussed Shannon
v. State. (40) The Heath plurality pointed out that, in Shannon, the defendant was sentenced to two years of
confinement in accordance with a plea agreement, but he contended on appeal that the offense for which
he was sentenced was actually a Class A misdemeanor with a maximum punishment of one year. (41) The
court of appeals in Shannon agreed, but remanded the case for resentencing. (42) In a petition for
discretionary review, the State correctly argued that because there was a plea bargain, the proper remedy
was to undo the entire plea. (43) We agreed. (44) The court of appeals in Shannon had erroneously applied to
the negotiated plea setting the rule that error affecting only punishment results in only a new sentencing
hearing. (45) 

 The Heath plurality then made an illogical leap: it assumed that the mistake made by the court of
appeals in Shannon (which never applied the doctrine of estoppel) was somehow an assumption underlying
the doctrine of estoppel. (46) Without any explanation other than the unsupported assumption that Shannon
somehow had something to do with the issue at hand, the Heath plurality reached the odd conclusion that
applying estoppel to bar a plea-bargaining defendant's complaint about an illegally lenient sentence would
result in "treating those errors as punishment errors only" and somehow involving resentencing. But this
proposition makes no sense. The Heath plurality took the premise that it is unfair to bind just one party to
a plea bargain, and concluded from this that when a sentence is void, both parties must be unbound from
the plea bargain. The alternative the Heath plurality overlooked was that both parties could be bound by
the plea bargain - which is precisely what estoppel would accomplish. We thus conclude that the Heath
plurality lacks persuasive force.

 Acknowledging a "dearth of Texas caselaw" on the subject, (47) the Williams concurrence cited
Prystash v. State, (48) which applied to the somewhat different "invited error" context, and out-of-state cases
that were more on point. (49) We now turn to a full examination of the authorities relating to this subject.

 We have previously dealt in Prystash v. State with a type of estoppel involving unilateral requests
that result in "invited error," but estoppel is a flexible doctrine that manifests itself in various forms that are
not limited to unilateral requests. The variant of estoppel at issue here is "estoppel by judgment." (50) In this
type of estoppel, "[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to
deny the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its
burdensome consequences." (51) The only exception to this principle is for challenges to the subject-matter
jurisdiction of the court rendering the judgment. (52) 

 Moreover, a close cousin of "estoppel by judgment" is "estoppel by contract," where a party who
accepts benefits under a contract is estopped from questioning the contract's existence, validity, or effect. (53) 
So estoppel can apply not only to unilateral requests (as in Prystash), but also in the context of agreements,
where the "request" is mutual. As is true with most contracts, it is typical that both parties to a plea bargain
will benefit from the judgment.

 Indeed, courts in several other jurisdictions have held that a defendant cannot enter a plea agreement
that imposes an illegal sentence, benefit from that sentence, and then attack the judgment later when it is
suddenly in his interests to do so. (54) In rejecting a defendant's claim for overturning a too-lenient, illegal
sentence, the Mississippi Court of Appeals anticipated exactly what applicant wishes to accomplish in the
present case:

On the other hand, a defendant should not be allowed to reap the benefits of an illegal
sentence, which is lighter than what the legal sentence would have been, and then turn
around and attack the legality of the illegal, lighter sentence when it serves his interest to do
so. Allowing such actions would [wreak] havoc upon the criminal justice system in this
state. For example, all subsequent convictions and sentences of that defendant which are
reliant upon the conviction concomitant with the illegal sentence would have to be set aside. 
This would result in a number of enhanced and habitual offender sentences being set aside
for the very offender who had already enjoyed greater leniency than the law allows. (55)


For the same reasons, that court refused to grant relief in a later case when the defendant challenged a prior
unauthorized probation after it had been revoked and used to enhance a later offense. (56)

 We find these cases persuasive. A defendant who has enjoyed the benefits of an agreed judgment
prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later
date on the basis of the illegal leniency. (57) Here, appellant received a judgment that was illegally lenient by
having his sentence run concurrently instead of consecutively. Had he complained about the illegal leniency
at the time of trial, or even on direct appeal, the State could likely have obtained a legal judgment that would
now be available for enhancement purposes. But instead, appellant quietly enjoyed the benefits of the
illegally lenient judgment, challenging it now only because, due to his own subsequent criminal conduct, the
judgment can be used to enhance his punishment for a new offense. If he agreed to the concurrent
sentencing provision, then through his own conduct he helped procure and benefit from the illegality and he
should not now be allowed to complain. 

 The judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.

Delivered: November 7, 2007

Publish



 
1. See Tex. Pen. Code §12.42(d).
2. Article 42.08(b) provides: "If a defendant is sentenced for an offense committed while the
defendant was an inmate in the institutional division of the Texas Department of Criminal Justice and the
defendant has not completed the sentence he was serving at the time of the offense, the judge shall order
the sentence for the subsequent offense to commence immediately on completion of the sentence for the
original offense."
3. The court of appeals found that the State conceded in its brief that, under Fullbright v. State,
818 S.W.2d 808, 810 (Tex. Crim. App. 1991), "if the trial court erred in failing to stack the Smith County
escape sentence, then it cannot rely upon that conviction to enhance Rhodes's convictions that are on
appeal here." Rhodes v. State, 175 S.W.3d 348, 352 (Tex. App.-Houston [1st Dist.] 2004). In its brief,
the State said, "The State does not disagree with the Appellant on the nature of the law as to the use of
convictions for purposes of enhancements as stated in Fulbright v. State." We are uncertain that this
concession is as expansive as the court of appeals has characterized it, but in any event, we are not bound
by a party's concession on a matter of law. Long v. State, 931 S.W.2d 285, 289 (Tex. Crim. App.
1996).
4. Because appellant was serving time for both the burglary and the aggravated sexual assault
offenses at the time of the escape, Article 42.08 required the escape sentence to be stacked on the much
longer sentence for the aggravated sexual assault conviction because it would be the last to terminate. See
Basden v. State, 897 S.W.2d 319 (Tex. Crim. App. 1995).
5. Rhodes, 175 S.W.3d at 350-55.
6. Id. at 355.
7. Id. at 356-59 (Keyes, J., dissenting from denial of en banc consideration).
8. The State's grounds for review are as follows:


First: This Court needs to decide whether a defendant can be estopped from complaining
about an error capable of rendering a judgment or sentence void.


Second: This Court needs to decide whether a defendant can be estopped from
complaining, after he enjoyed its benefits, that his sentence was illegal or void because it
was below the statutory minimum.


Third: This Court needs to decide whether a defendant's constitutional rights are violated
when a trial court corrects a clerical error by changing a concurrent sentence to a
statutorily mandatory consecutive sentence years after the defendant has begun to serve
the sentence.


Fourth: This Court needs to determine the legal effect of the failure to order a sentence to
run consecutively as ordered by 42.08(b) of the Texas Code of Criminal Procedure.


Fifth: This Court needs to make a practical review of the question of what amount of
evidence is required to invoke the mandatory provisions of Article 42.08(b). 
9. Appellant's main argument in his response brief is that the State forfeited review of its current
claims by failing to raise them on original submission to the court of appeals. Arguably, the State's fifth
ground for review is an extension of the arguments it did present on original submission to the court of
appeals. Nevertheless, because the State prevailed at trial, we may in our discretion address subsidiary
arguments that support the trial court's ruling that were not presented to the court of appeals. Volosen v.
State, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007).

 Judge Price contends that Volosen's holding is inconsistent with prior holdings in Rochelle v. State,
791 S.W.2d 121 (Tex. Crim. App. 1990), and Sotelo v. State, 913 S.W.2d 507 (Tex. Crim. App. 1995),
and he contends that the holdings in those latter cases would bar our disposition of the current case. But
Rochelle and Sotelo are distinguishable because, in both cases, the petitioner's ground for review did not
challenge any holding of the court of appeals, while Volosen and the present case involve grounds that do
challenge a holding of the court of appeals, but for reasons not addressed by the lower appellate court.

 In Rochelle, the State advanced a procedural default ground for review that did not challenge the
court of appeals's holding that the indictment was fatally defective. 791 S.W.2d at 122, 125. In Sotelo,
the defendant's claim that a remand for a new punishment hearing violated double jeopardy principles was
not a challenge to the court of appeals's holding that the trial court had erroneously quashed the State's
enhancement allegations. 913 S.W.2d at 508-09. By contrast, in Volosen, the State's grounds for review
directly challenged the court of appeals's holding that the evidence was legally insufficient to support the
defendant's conviction because the defendant had established a defense as a matter of law - though the
argument supporting the State's challenge had not been considered by the court of appeals. 227 S.W.3d
at 79-80. Similarly, in the present case, the arguments we consider today respond directly to the court of
appeals's holding that the prior conviction was not available for enhancement purposes, although those
arguments were not discussed in the court of appeals's opinion. 

 This is the same sort of position the parties are in when the case is before a court of appeals. The
party who loses at the trial level must address both the trial court's ruling and the rationale for that ruling,
see Tex. R. App. P. 33.1(a)(1)(A)(party complaining about trial proceedings must have stated grounds for
ruling), (2)(A)(party complaining about trial proceedings must have obtained a ruling), but the party who
wins at the trial level can prevail on appeal on the basis of a rationale not addressed by the trial court, see
State v. Herndon, 215 S.W.3d 901, 905 n.4 (Tex. Crim. App. 2007)("the general rule is that a trial
court's ruling will be upheld if it is correct on any applicable legal theory, even if the court articulated an
invalid basis"). The point of Volosen is that the parties' positions in this regard are fixed at trial and do not
change during the subsequent course of appellate litigation. Thus, the party who loses at the trial level who
then complains about a decision of the court of appeals must address both the holding and the reasoning
of the court of appeals, but the party who wins at the trial level who complains about a decision of the court
of appeals need only address the holding of the court of appeals. 
10. An agreement to concurrent sentencing would be to the State's disadvantage if estoppel does
not apply, because if there is no agreement, then the sentence is reformable. See discussion below.
11. Although the ten-year sentence for the Smith County escape was the maximum for a third-degree felony, the record suggests that the offense could have been enhanced to a second-degree felony
with either the prior burglary or the prior sexual assault conviction. See Tex. Pen. Code
§12.42(a)(3)(West 1998).
12. Because of this holding, we need not address whether a defendant could be estopped to attack
a judgment even when there was no plea agreement.
13. New v. State, 583 S.W.2d 781, 782 (Tex. Crim. App. 1979).
14. Id.
15. See Ex parte Johnson, 697 S.W.2d 605 (Tex. Crim. App. 1985)(imprisonment was within
the range of punishment, but fine exceeded the range of punishment).
16. Id. at 607-08; Barker v. State, 169 Tex. Crim. 277, 278-79, 334 S.W.2d 182, 183-84
(1960).
17. Rhodes v. State, 560 S.W.2d 665, 667 (Tex. Crim. App. 1978)(quoting Barker, 169 Tex.
Crim. at 279, 334 S.W.2d at 184)("A judgment or sentence containing an irregularity which may be
reformed on appeal or by nunc pro tunc entry is not void, and may not be collaterally attacked.");
Smotherman v. State, 383 S.W.2d 929, 931 (Tex. Crim. App. 1964)("could have been reformed in a
proper proceeding"); Ex parte Brown, 145 Tex. Crim. 39, 42, 165 S.W.2d 718, 720 (1942)("upon the
original appeal of this case, it could have been reformed").
18. Rhodes, 560 S.W.2d at 667.
19. 675 S.W.2d 754, 760 (Tex. Crim. App. 1984).
20. Id.
21. 697 S.W.2d at 605.
22. Id.
23. Id. at 607-08.
24. 169 Tex. Crim. at 278, 334 S.W.2d at 183. 
25. Id.
26. Id. at 279, 334 S.W.2d at 184.
27. Id. (citing Ex parte King, 156 Tex. Crim. 231, 240 S.W.2d 777 (1951)).
28. Id. (citing Lenore v. State, 137 Tex. Crim. 413, 129 S.W.2d 657 (1939)).
29. See Ex parte Townsend, 137 S.W.3d 79, 80-82 (Tex. Crim. App. 2004)(challenge to stacking
order as invalid due to defendant's status not cognizable on habeas corpus when it could have been raised
on direct appeal).
30. See Langs v. State, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006)(double jeopardy, multiple
punishment violation can be forfeited when the violation is not clear on the face of the record and forfeiture
would serve the interests underlying the rules of procedural default). 
31. See State v. Ross, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997)(for purpose of State's
appeal, "sentence" includes whether the term of imprisonment is concurrent); but see Speth v. State, 6
S.W.3d 530, 535 (Tex. Crim. App. 1999)(Womack, J., concurring)(criticizing use of statutory definition
of "sentence" to determine what this Court means when it says a sentence is void). 
32. We need not and do not decide whether the State now has any remedy that would enable it to
cumulate the prior escape sentence, or whether the State's own use of the prior judgment to enhance the
current offense would estop the State from utilizing such a remedy. 
33. 817 S.W.2d 335, 337-40 (Tex. Crim. App. 1991)(plurality opinion on rehearing).
34. 65 S.W.3d 656, 658-60 (Tex. Crim. App. 2001)(Keller, P.J., concurring).
35. See Heath and Williams, supra. The opinion on original submission in Heath has been
overruled on the basis that probation is not a part of the sentence. Williams, 65 S.W.3d at 657-58
(Court's op.).
36. 817 S.W.2d at 340.
37. 65 S.W.3d at 658-60 (Keller, P.J., concurring).
38. Id. at 658 (Court's op.)("probation" is not part of the sentence and the defendant failed to show
harm).
39. Mizell v. State, 119 S.W.3d 804, 806 n.8 (Tex. Crim. App. 2003)(citing concurrence in
Williams and citing Collins v. State, 509 N.E.2d 827 (Ind. 1987)).
40. Heath, 817 S.W.2d at 339-40 (discussing Shannon v. State, 708 S.W.2d 850 (Tex. Crim.
App. 1986)).
41. Id. at 339 (citing Shannon).
42. Id. at 339-40 (citing Shannon, 708 S.W.2d at 851). 
43. Id. at 340 (citing Shannon, 708 S.W.2d at 851).
44. Id.
45. Id.
46. See Heath, 817 S.W.2d at 340.
47. Williams, 65 S.W.3d at 659 (Keller, P.J., concurring).
48. 3 S.W.3d 522 (Tex. Crim. App. 1999).
49. See Williams, 65 S.W.3d at 658-660.
50. 31 C.J.S. Estoppel & Waiver §130.
51. Id., p. 565.
52. Id., p. 566; see also Williams, 65 S.W.3d at 659-60 (Keller, P.J. concurring)(discussing
cases).
53. 31 C.J.S. Estoppel & Waiver §124, p. 554.
54. People v. Hester, 22 Cal. 4th 290, 295, 992 P.2d 569, 572 (2000)("defendants who have
received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better
the bargain through the appellate process"); Collins, 509 N.E.2d at 833 ("a defendant may not enter a plea
agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an
illegal sentence"); Punta v. State, 806 So. 2d 569, 570 2002 (Fla. 3rd DCA 2002) (quoting Bashlor v.
State, 586 So. 2d 488 (Fla. 1st DCA 1991))("sentences which are imposed in violation of statutory
requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after
the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions
imposed on him"); Graves v. State, 822 So. 2d 1089, 1091 (Miss. App. 2002)(defendant "cannot stand
mute when he is handed an illegal sentence which is more favorable than what the legal sentence would
have been, reap the benefits of that illegal sentence, and later claim to have been prejudiced as a result
thereof"); Pruit v. State, 846 So. 2d 271, 274 (Miss. App. 2002)("A convicted felon may not quietly
enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his
interest to do so").
55. Graves, 822 So. 2d at 1092.
56. Pruit, 846 So. 2d at 274.
57. We express no opinion today on whether estoppel could apply to bar a challenge to a judgment
imposing a punishment that is illegally harsh, nor do we express an opinion on whether estoppel would bar
a direct attack on a judgment imposing an illegally lenient punishment. See Williams, 65 S.W.3d at 660
(Keller, P.J., concurring)(observing that it could be persuasively argued that a defendant who appeals his
conviction has not yet accepted the benefits of the illegal judgment).