

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-16,370-02

## EX PARTE WILL DONNELL SIMMONS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W91-00848-I(A) IN CRIMINAL DISTRICT COURT NO. 2
### DALLAS COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, ALCALÁ, RICHARDSON, and NEWELL, JJ., joined. MEYERS, J., filed a concurring opinion. KEASLER, J., filed a dissenting opinion in which KELLER, P.J., HERVEY, and YEARY, JJ., joined. YEARY, J., filed a dissenting opinion.

### O P I N I O N

When applicant appealed his conviction in 1992, the controlling precedent for the application of Texas Penal Code Section 3.03 was *Caughorn v. State*, 549 S.W.2d 196 (Tex. Crim. App. 1977). Caughorn plead guilty to two offenses on the same day during "a single action." He was placed on probation but was later revoked and sentenced to a term of imprisonment. The trial court cumulated the sentences. Caughorn challenged that ruling on appeal, but this Court upheld the cumulation.

In applicant's case, a jury convicted him of two offenses on the same day in "a single action" in 1991 and sentenced him to prison. On appeal in 1992, the court of appeals affirmed his

conviction. Four months after applicant's appeal failed to obtain relief, this Court overruled *Caughorn*. *LaPorte v. State*, 840 S.W.2d 412 (Tex. Crim. App. 1992). Applicant now challenges the cumulation of his sentences in this application for a writ of habeas corpus. Both the trial court and the state urge us to grant relief in the form of the deletion of the cumulation order, and we shall do so.

Using the version of Section 3.03 that was in effect at the time, the *Caughorn* court stated,

It is appellant's position that V.T.C.A. Penal Code, Sec. 3.03, prohibits the cumulation of his sentences. This section is as follows:

"When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently."

V.T.C.A. Penal Code defines "criminal episode" as follows: "In this chapter, 'criminal episode' means the repeated commission of any one offense defined in title 7 of this code (Offenses Against Property)."[1]

. . .

However, appellant by relying on V.T.C.A. Penal Code, Secs. 3.01 and 3.03, completely ignores the limitations contained within V.T.C.A. Penal Code, Sec. 3.02.

Chapter 3 of the Penal Code is entitled "Multiple Prosecutions." This chapter for the first time in the history of Texas Criminal Jurisprudence permits more than one

---

[1] As the *LaPorte* Court noted in its footnote 3, "In 1987, Section 3.01 was amended to expand the definition of 'criminal episode' to permit a greater variety of offenses to be joined or consolidated for trial:

'In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

'(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

'(2) the offenses are the repeated commission of the same or similar offenses.'"

*LaPorte*, 840 S.W.2d at 414 n.3.

offense to be pleaded in the same charging instrument provided they arise out of the same criminal episode as defined above. Thus, several offenses may be consolidated in one indictment or information. Also, an innovation under the new Penal Code is the right of the State to join several charging instruments into a single criminal action if they arise out of the same criminal episode. However, in order to accomplish this, the State must file written notice of this action not less than 30 days prior to trial. No such notice was filed in these causes. Accordingly, even though appellant pleaded guilty to two indictments charging similar offenses, this did not constitute a single criminal action because the State had not filed the written notice necessary to achieve such results. Since these causes did not constitute one criminal action under Sec. 3.02, *supra*, the prohibition against cumulation of sentences provided in Sec. 3.03, *supra*, does not apply.

The judgments are affirmed.

*Caughorn*, 549 S.W.2d at 197 (footnote added).

In June of 1992, after applicant's direct appeal was decided in February of 1992, this Court found that the court of appeals's interpretation of Section 3.02 was "clearly erroneous" and overruled *Caughorn* and its progeny. *LaPorte*, 840 S.W.2d at 414. We agree with the *LaPorte* Court that its interpretation of Section 3.02 is more in alignment with the plain language of the statute and, therefore, its interpretation should be applied to complaints about cumulation orders that are within the purview of Section 3.03.

The *LaPorte* Court held that Chapter 3 should be read as a whole: if the requirements of Chapter 3 for a "criminal episode" are satisfied and the offenses alleged are tried in a single criminal action, Chapter 3 applies. While the State should give the notice required in Section 3.02(b), noncompliance with the notice provision "does not take the proceeding out of Chapter 3 and somehow change it from a single criminal action involving consolidation of 'same criminal episode' offenses into a non-Chapter 3 joinder trial. Section 3.02(b) is 'merely' a procedural requirement which can be waived if a defendant so chooses either affirmatively or by inaction." *LaPorte*, 840

S.W.2d at 414. The Court also observed that a defendant may be given notice of the state's intention to consolidate multiple offenses for trial if the offenses are alleged in the same charging instrument.

*Id.*

> From all of this, it is clear the Legislature intended "a single criminal action" to refer to a single trial or plea proceeding. This notice provision of Section 3.02(b) does not change the nature of the proceeding as a single criminal action involving Chapter 3 when the offenses arise out of the same criminal episode. The language of Chapter 3 and the history of joinder and consolidation in light of the 1973 Penal Code mandate this interpretation. These provisions provide a trade-off; a prosecutor is encouraged to clear case dockets by trying more than one case in a single trial whenever multiple offenses arising from a single criminal episode are alleged against a single defendant, and a defendant benefits by not being burdened with the possibility of consecutive sentences and a string of trials for offenses arising out of a single criminal episode. Section 3.04 provides a defendant the right to have separate trials if he so desires. Section 3.02(b) provides a defendant with 30 days notice that the State is going to proceed in a single trial on more than one indictment, so that he may have time to decide whether he wants separate trials. If no such notice is given he may either object to the lack of the notice when he discovers the State intends to prosecute for offenses based upon more than one indictment in a single trial, may request the severance provided by Section 3.04, or may waive the notice and proceed to trial on any charges presented by the State by not objecting to the lack of notice. If he objects to the lack of notice, the State would then have the option of proceeding on one indictment or of seeking a resetting of the trial so as to provide adequate notice. It is inconsistent with the obvious intent of Chapter 3 to allow the State the benefit of presenting evidence of more than one offense while denying the defendant the benefit of concurrent sentencing, solely because the State never gave formal notice of intent to consolidate prosecution of separate indictments in a single trial.

*Id*. at 414-15.

The Court then stated that an "improper cumulation order is, in essence, a void sentence, and such error cannot be waived." *Id*. at 415. It concluded that a void sentence can be raised at any time and does not require a contemporaneous objection to preserve error. *Id.* It did not address the issues of whether the state complied with the notice requirement and whether the defendant preserved a complaint about any lack of such service.

**Analysis**

While we agree with the *LaPorte* Court that the opinion in *Caughorn* misinterpreted the statute, we note that the *LaPorte* decision conflated the sentence with the stacking order, and we disavow the language in *LaPorte* that holds that the sentences were void.  The sentences were lawfully assessed within the statutory limits and were neither void nor voidable.  The problem was the stacking order, which affects only the Texas Department of Criminal Justice's calculation of how the assessed terms of imprisonment will be served.[2]  And any judgment that contains an error or irregularity that can be remedied by a *nunc pro tunc* order or that can be reformed on appeal is not void.  *Hughes v. State*, 493 S.W.2d 166, 170 (Tex. Crim. App. 1973) (citing *Barker v. State*, 169 Tex. Crim. 277, 334 S.W.2d 182 (Tex. Crim. App. 1960)).

In response to our briefing order, both applicant and the state have discussed *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004), in which this Court denied relief in circumstances that, at first glance, appear similar to those present in this case.  However, on closer inspection, it is clear that the circumstances are significantly different.

In this case, a jury convicted applicant of two offenses on the same day in "a single action" and sentenced applicant to two terms of imprisonment.  He thus fell squarely within the purview of Section 3.03.  Townsend, however, in 1990 plead guilty to, and was convicted of, a single offense–possession of cocaine. After he completed boot camp, the trial judge placed him on probation.  In February of 1992, he was found guilty of murder.  The trial court sentenced him to 60 years' imprisonment for that offense.  On the same day, it revoked Townsend's probation and

---

[2]  We note that, if the sentences were actually void, deleting the stacking order would be improper.  The only correct remedy would be to remand the case for a new sentencing hearing.

assessed a term of ten years' imprisonment, stacked onto the sentence for murder. Thus, in Townsend's case, he was tried and convicted of one offense in "a single action" in 1990 and tried and convicted of a second, unrelated offense in a second "single action" in 1992. He was not "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single action"; the offenses were unrelated and were not prosecuted in a single action nor did the charged offenses arise from the same criminal episode. Thus, he fell outside the purview of Section 3.03, and the cumulation order was proper.

However, the *Townsend* Court decided that case on the basis that Townsend had had the opportunity to appeal the stacking order but had failed to do so.[3] "There was nothing to prevent the applicant from raising this claim on direct appeal. He had an adequate remedy at law. Because the applicant did not raise the issue on direct appeal, the applicant has forfeited his claim." *Townsend*, 137 S.W.3d at 81. And because Townsend forfeited that claim by failing to raise it on appeal, he could not thereafter raise it for the first time on an application for a writ of habeas corpus.

At the time applicant filed his application for a writ of habeas corpus, his situation was different from Townsend's. When the faulty cumulation order was entered by the trial court in applicant's case, applicant had no remedy at law that was adequate to correct the improper cumulation;[4] he could not have been granted relief in the trial court because *Caughorn* was settled law. Nor could he have asserted a *LaPorte* claim on direct appeal because *LaPorte* was not decided

---

[3] Townsend's writ application asserted that the stacking order was improper because he had already begun serving his sentence for the 1990 conviction, and, pursuant to *Ex parte Barley*, 842 S.W.2d 694 (Tex. Crim. App. 1992), the sentence for the 1992 conviction could not be stacked onto it.

[4] "Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law" and "may not be used to assert claims that could have been asserted on direct appeal." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007).

until four months after applicant's conviction was affirmed. Given applicant's inability to raise this issue on appeal, his sole remedy lies in a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.

A violation of a statute invokes a defendant's due-process rights, a category-2 *Marin* right.[5] As *LaPorte* holds, the interpretation of Chapter 3 in *Caughorn* grossly misinterpreted the language of the statute and elevated procedural form over statutory substance, thereby vesting complete control of the proceedings in the state, which could, merely by choosing not to file a piece of paper, deprive the defendant of a statutory right to concurrent sentences. "It is inconsistent with the obvious intent of Chapter 3 to allow the State the benefit of presenting evidence of more than one offense while denying the defendant the benefit of concurrent sentencing, solely because the State never gave formal notice of intent to consolidate prosecution of separate indictments in a single trial." *LaPorte*, 840 S.W.2d at 415.

In its "Response to application for writ of habeas corpus," filed on January 29, 2013, the state asserted a general denial, raised laches, then asked the trial court for an order designating issues (ODI) and for additional time to review the record so that it could respond to applicant's claim of a void sentence.

> In order to properly respond to Applicant's allegations, the State must review the reporter's record and clerk's record of the trial conducted in the instant cause. The undersigned attorney has requested that Applicant's file be retrieved from remote

---

[5] "Thus, our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). "The nature of the right Grado seeks to vindicate leads us to conclude that it is one that is a significant feature of our judicial system and should be classified as a Marin category-two right. In the absence of a defendant's effective waiver, a judge has an independent duty both to identify the correct statute under which a defendant is to be sentenced and the range of punishment it carries and to consider the entire range of punishment in sentencing a defendant irrespective of a defendant's request that he do so." *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014).

storage. Upon receipt of this file, the State will supplement this response. The State requests that this Court issue an order designating issues and gather evidence by reviewing the Court's own records to determine the merit, if any, to [sic] Applicant's claims.

Habeas Record at 32.

On February 5, 2013, the trial court entered an ODI and appointed a magistrate to consider the question, "Is Applicant's sentence void?" Habeas Record at 41.

On September 24, 2013, the state filed its "Supplemental response to application for writ of habeas corpus." The response described the procedural status of the case, summarized the facts of the offenses for which applicant was convicted, and incorporated the initial response by reference. It then addressed the claim of void sentence and concluded that

> [it] is clear from the record that both cases were part of the same criminal episode and were tried in a single criminal action. Accordingly, under Section 3.03 of the Texas Penal Code, the sentence in the underlying case should have been ordered to be served concurrent to the sentence in Cause No. F91-01032-HI. Therefore, the State agrees with Applicant that the portion of the order cumulating Applicant's sentence in this case with the sentence in Cause No. F91-01032-HI is not permissible. Applicant is, therefore, entitled to relief in this habeas application to the extent that the cumulation order should be deleted, and the sentence in the underlying offense ordered to be served concurrent to his sentence in Cause No. F91-01032-HI.

Habeas Record at 47. In conclusion, the state "respectfully request[ed] that this [trial] Court grant Applicant's Application for Writ of Habeas Corpus." Habeas Record at 48. The trial court agreed and entered findings of fact.

> These two cases were part of the same criminal episode and were tried in a single criminal action.

> The sentences should have been ordered to be served concurrently pursuant to Section 3.03.

> The cumulation portion of the judgment should be deleted and the sentence ordered to be served concurrently with Cause No. F91-01032-[H]I.

The State agrees that relief should be granted as indicated by the Supplemental Response filed on September 24, 2013.

The trial court concluded that applicant is legally confined and restrained, but that his sentences were improperly cumulated, that the cumulation order should be deleted, and that he "has been denied the rights guaranteed him by the United States Constitution or the Texas Constitution." Habeas Record at 74-76. While we disagree with applicant's argument and past precedent that indicates that his sentence is void, we agree with the state and the trial court that the cumulation order was improper and should be deleted.

The remaining issue is laches. Applicant has waited twenty-two years to raise this claim. Often such a delayed claim for relief will be denied because of the state's inability to address the issues that are raised. *See, e.g., Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). In the circumstances of this case, the state's ability to respond is unimpaired. It has only to take note of the statute, which it has done, and it has graciously urged this Court to delete the cumulation order despite the long delay.

We grant relief and reform the trial court's judgment to delete the improper cumulation order.

Delivered: October 28, 2015
Do not publish