COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| DAVID NORRIS ALEXANDER, | | No. 08-07-00280-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 366th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Collin County, Texas |
| | § | |
| Appellee. | | (TC# 366-80079-07) |
| | § | |
| | § | |

**O P I N I O N**

David Norris Alexander appeals a conviction for felony assault of a family or household member.[1] The trial judge sentenced Appellant to 10 years' imprisonment.[2]

On March 10, 2006, Appellant began dating Jacquelyn Payne. Prior to dating Appellant, Ms. Payne had heard rumors about Appellant's assault of a previous girlfriend. When Ms. Payne questioned Appellant about these rumors, Appellant denied them. Moreover, Ms. Payne was also

---

[1] We note that the "Judgment of Conviction by Court" lists the statute for Appellant's offense as § 22.01(b)(1) of the Texas Penal Code. Pursuant to applicable appellate rules, we reform the judgment to reflect the charge in the indictment and list the offense as § 22.01(b)(2) of the Texas Penal Code. *See* TEX.R.APP.P. 43.2(b); *Daugherty v. State*, No. 08-06-00272-CR 2008 WL 274848, at *3 (Tex.App--El Paso Jan. 31, 2008, no pet.h.)(not designated for publication)(reforming judgment to reflect proper statute under which defendant should have been convicted).

[2] Appellant was convicted at trial of two cases of assault of a family or household member enhanced by a previous conviction and was sentenced concurrently for the two offenses. Appellant has appealed both convictions and this Court has addressed them as companion cases. *See David Norris Alexander v. State*, 08-07-00279-CR (Tex.App.--El Paso Aug. 26, 2009, no pet.h.).

aware of a pending assault charge against Appellant, but did not believe the charge was true because Appellant's demeanor was generally "nice" and "fun." She thought Appellant did not "seem like the type of person that could do anything like that."

Three months into their relationship, Appellant's demeanor toward Ms. Payne changed. Ms. Payne testified that Appellant angered easily and would slap her in the mouth when both argued. On August 18, 2006, Appellant took Ms. Payne's car to work. Appellant had agreed to pick up Ms. Payne from her job at 5 p.m. Around 2 p.m., Appellant's co-workers called Ms. Payne and told her that Appellant was drunk and stranded them at a Burger King restaurant. Ms. Payne tried calling Appellant several times to no avail. Appellant never arrived, and a friend took Ms. Payne home from work instead.

Later that evening, Appellant arrived drunk at Ms. Payne's house. Ms. Payne confronted Appellant regarding his whereabouts. The couple argued. Appellant "came after" Ms. Payne, and she ran to the bathroom in an attempt to avoid him. Appellant chased her and started "pounding"on her head. He proceeded to verbally harass her, calling her "crazy" and a "whore." Appellant then put Ms. Payne into a headlock and tore hair from her head. She testified that Appellant eventually stopped pulling out her hair, but she "said something wrong" and he threw her against the wall and continued hitting her.

The next day, Ms. Payne was in shock and suffered pain as a result of her injuries incurred in the assault. Appellant had left a "perfect hand print" on her arm. Knots appeared on the side of her head, and Ms. Payne was forced to cut off her hair because she was missing large portions of hair on the back-left side of her head. At the urging of her mother, Ms. Payne called the police. The police came, took her statement, and admonished that she should have called

them immediately after the incident.

On cross-examination, Ms. Payne admitted that she picked up a knife during the assault. She denied, however, that Appellant hurt her arm in order to keep her from stabbing him with the knife. She also failed to mention the knife in her statement to police. During her testimony, Ms. Payne admitted sending lewd and angry text messages to Appellant after his arrest in January of 2007.

At trial, Appellant called two witnesses in his defense. Appellant's sister testified that they had been estranged for four years. Another witness, Joanna Coleman, testified that she heard a voicemail left by Ms. Payne on Appellant's phone saying "she did not mean for it to go this far, she loved him, and she's sorry that she lied." Ms. Payne denied leaving Appellant this voice mail message.

The trial court convicted Appellant of felony assault of a family or household member, enhanced by a previous conviction on August 17, 2007. The trial judge sentenced Appellant to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues for this Court's review. In Issue One, Appellant contends that the evidence is legally insufficient to support the verdict. In Issue Two, Appellant contends that the evidence is factually insufficient to support the verdict.

In Issue One, Appellant challenges the legal sufficiency of the evidence to support a conviction for assault of a family or household member. Although Appellant's argument in Issue One is wholly deficient, and fails to comply with Rule 38.1(i) of the Texas Rules of Appellate Procedure, in the interest of justice, we will review the trial court's decision for legal sufficiency of the evidence.

In reviewing the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict at trial and ask whether a rational trier of fact could have found beyond a reasonable doubt all the elements of the charged offense. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Chambers v. State*, 866 S.W.2d 9, 15 (Tex.Crim.App. 1993). It is the fact finder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. Further, the fact finder is "the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony." *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984).

Appellant was charged with felony family violence assault for the altercation with Ms. Payne. To support such a charge, the State must establish: (1) the defendant; (2) intentionally, knowingly, or recklessly; (3) caused bodily harm to another. *See* TEX.PENAL CODE ANN. § 22.01(a)(1)(Vernon Supp. 2008). The offense is enhanced to a third degree felony if the State also establishes that the victim is a member of the defendant's family or household, and that the defendant has been previously convicted of domestic violence. *See* TEX.PENAL CODE ANN. § 22.01(b)(2)(Vernon Supp. 2008).

In the case at bar, we conclude that a rational trier of fact could have found beyond a reasonable doubt each element of the charged offense. Further, Appellant has offered this Court little evidence of contradictory testimony, and argues only that the State's evidence fails to prove that Ms. Payne suffered bodily injury as a result of her contact with the wall as alleged in the

indictment.[3]

The record in this case shows, however, that Appellant threw Ms. Payne into a wall and "pounded" on her head multiple times causing injury. Indeed, Ms. Payne suffered bruising on her arms and knots in her head after the physical confrontation with Appellant as stated during Ms. Payne's testimony and as evidenced in several photographs produced by the State. Appellant tore hair from her head and left a portion of her head bare. State's Exhibit 11 clearly shows the "perfect handprint" Appellant left on Ms. Payne's arm. Ms. Payne testified that she suffered pain the day following the attack. Moreover, Tony Garavaglia, a friend of Ms. Payne, testified that he felt Ms. Payne's "big bump on her head" and that he saw the bruising on her arms. We conclude that the evidence is sufficient to prove bodily injury. *See Arzaga v. State*, 86 S.W.3d 767, 777-78 (Tex.App.--El Paso 2002, no pet.)(holding that photographic evidence was sufficient to prove bodily injury even though victim did not testify at trial and other witness testified that victim said nothing about pain).

Although Appellant's trial counsel pointed to several inconsistencies in Ms. Payne's version of the events, including her omission of testimony about a knife during direct examination, the trial court as fact finder was nevertheless the exclusive judge of the credibility of her testimony. *Dumas v. State*, 812 S.W.2d 611, 615 (Tex.App.--Dallas 1991, pet. ref'd); *see* TEX.CODE CRIM.PROC.ANN. arts. 36.13 (Vernon 2007) and 38.04 (Vernon 1979). The inconsistencies in testimony were the sort of conflicts that the fact finder was uniquely qualified to weigh and resolve. *See Gilbert v. State*, 787 S.W.2d 233, 235 (Tex.App.--Fort Worth 1990, no

---

[3] We note here that Appellant references the specific wording of the allegations listed in the indictment. The indictment states: "[Defendant] . . . cause[d] bodily injury to Jacquelyn Paine [sic] by grabbing and striking [her] and by cuasing [sic] her to strike a wall . . . ."

pet.). Accordingly, the facts in this case when viewed in the light most favorable to the verdict, are sufficient to sustain Appellant's conviction. Issue One is overruled.

In Issue Two, Appellant contends that the evidence was factually insufficient to support his conviction. As in Issue One, Appellant's argument in Issue Two does not comply with Rule 38.1(i) of the Texas Rules of Appellate Procedure. However, in the interest of justice, we will review the trial court's decision for factual sufficiency of the evidence.

In determining factual sufficiency of the evidence, the court will review all evidence in a neutral light to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). Evidence is factually insufficient only if the record shows, with some objective basis, that either (1) the evidence supporting the verdict is so weak as to be manifestly unjust, or (2) the preponderance of the evidence contradicts the jury's verdict. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App. 2000); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). A conviction is not deemed "manifestly unjust" simply because the reviewing court does not concur with the conviction. *Watson*, 204 S.W.3d at 417. This Court will "not substantially intrude upon the [fact finder's] role as the sole judge of the weight and credibility of witness testimony." *Jones v. State*, 944 S.W.2d 642, 648 (Tex.Crim.App. 1996).

In the case at bar, the record offers nothing objectively undermining or contradicting the trial court's decision. As discussed above in Issue One, Ms. Payne's testimony showed Appellant engaged Ms. Payne in a physical confrontation and chased after her into the bathroom where he "pounded" on her head and threw her into a wall. As a result of this physical confrontation with Appellant, Ms. Payne suffered various injuries including knots in her head

-6-

and bruising on her arms. Although Appellant's trial counsel pointed out inconsistencies in Ms. Payne's testimony, it was the trial court's prerogative as fact finder to resolve conflicts in testimony and to judge the credibility of the witnesses. *See Cain v. State*, 958 S.W.2d 404, 409 (Tex.Crim.App. 1997)(holding that victim's intoxication and poor memory were credibility factors for the jury to consider, not a basis for appellate reversal). Indeed, the trial record identifies only those subjective factors that the fact finder is uniquely capable of assessing. *See Johnson*, 23 S.W.3d at 9. Viewed in a neutral light, we hold that these facts are factually sufficient to prove Appellant intentionally caused bodily injury to Ms. Payne. Accordingly, we sustain Appellant's conviction. *See, e.g., Dixon v. State*, 244 S.W.3d 472, 477-78 (Tex.App.--Houston [14th Dist.] 2007, pet. ref'd)(holding that evidence was factually sufficient to sustain a conviction for assault where victim testified that defendant beat her with his hands, a shoe, and a bat, although she did not report the incident until the next day and later reconciled with the defendant). Issue Two is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment as reformed.

August 26, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)

-7-